**UNITED STATES, Plaintiff,**

v.

**Harold GOODMAN, Defendant.**

**Court No. 81–9–01150.**

United States Court of International Trade.

Sept. 13, 1983.

J. Paul McGrath, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Washington, D.C. (Susan Handler-Menahem, Teaneck, N.J., on the brief), for plaintiff.

Richard A. Kulics, Detroit, Mich., on the brief, for defendant.

NEWMAN, Judge:

### Introduction

The Government has instituted this action pursuant to 28 U.S.C. § 1582(3) to recover $117,231.46 for estimated customs duties (plus interest and costs) claimed to be due under 19 U.S.C. § 1505(a) on six entries by defendant at the port of San Francisco, California, between December 1980 and March 1981.

Presently before the Court are plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment, or in the alternative, to dismiss.

### The Facts

The facts in this case are not in dispute.

The six entries in question were made by defendant, Harold Goodman, as the importer of record, and the importations were released by Customs to defendant on immediate delivery applications. Duties were estimated on the entries by the San Francisco District Director as follows:

| ENTRY NO. | ESTIMATED DUTIES | DUE DATE |
|---|---|---|
| 81–300448–4 | $ 21,895.26 | Jan. 9, 1981 |
| 81–300453–6 | 26,589.76 | Jan. 13, 1981 |
| 81–300505–6 | 19,866.90 | Jan. 26, 1981 |
| 81–300506–9 | 20,814.67 | Jan. 26, 1981 |
| 81–300554–8 | 20,356.68 | Feb. 2, 1981 |
| 81–300795–7 | 13,928.19 | Mar. 20, 1981 |

While the estimated duties total $123,451.46, Customs has, except for checks returned unpaid by the bank, received only $6,220.00, leaving an unpaid balance of $117,231.46. Although the record is not clear, obviously defendant is playing "fast and loose" relative to the payment of duties. Significantly, according to plaintiff's memorandum in support of its motion for summary judgment (at 4), "the Customs Service received two checks in payment of estimated duties for * * * [two] entries [but these] checks were returned from the bank for insufficient funds. A replacement check in the amount of $40,461.57 was received by the Customs Service. * * * The check for $40,461.57 was [also] returned unpaid by the bank * * *."

These facts are not disputed by defendant.

### Parties' Contentions

The Government contends that pursuant to 19 U.S.C. § 1505(a) Harold Goodman, as the importer of record, is liable for payment of estimated duties (plus interest and costs) on the goods that he entered, notwithstanding that the importer posted a bond stipulating liquidated damages.

Defendant admits that there is an unpaid balance of $117,231.46 in estimated duties, but raises several affirmative defenses: (1) the action is premature since the entries are unliquidated; (2) this suit is barred by the doctrine of election of remedies since plaintiff has demanded liquidated damages under defendant's bond; (3) the Government is estopped to bring this action by the fact that defendant submitted a bond stipulating liquidated damages and the Government has made a demand for liquidated damages; consequently, the Government's

sole remedy is a suit for liquidated damages under the bond.[1]

## Opinion

I find that defendant's affirmative defenses are wholly without merit, and inasmuch as there is no genuine justiciable issue of fact for trial, the Government is entitled to summary judgment.

### 1.

■ The Government's claim in this action is predicated upon a statutory obligation of defendant, as the importer of record and consignee of the goods, to deposit estimated duties at the time of making entry. This obligation is set forth in 19 U.S.C. § 1505(a):

§ 1505. Payment of Duties

(a) *Deposit of estimated duties.* Unless merchandise is entered for warehouse or transportation, or under bond, the consignee shall deposit with the appropriate customs officer at the time of making entry, or at such later time as the Secretary may prescribe by regulation (but not to exceed thirty days after the date of entry), the amount of duties estimated by such customs officer to be payable thereon.

Additionally, the Customs Regulations, 19 CFR § 141.1(b), state:

(b) *Personal debt of importer.* The liability for duties, both regular and additional, attaching on importation constitutes a personal debt due from the importer to the United States which can be discharged only by payment in full of all duties legally accruing, unless relieved by law or regulation. * * *

As long ago as the time-honored holding in *Meredith v. United States,* 38 U.S. 486, 10 L.Ed. 258 (1839), Mr. Justice Story, writing for the United States Supreme Court, stated (at 493):

It appears to us clear upon principle, as well as upon the obvious import of the provisions of the various acts of Congress on this subject, that the duties due upon all goods imported constitute a personal debt due to the United States from the importer.

■ Equally clear is that defendant, as the importer of record,[2] is the "consignee" for purposes of duty liability under section 1505(a). *See A.N. Deringer, Inc. v. Consolidated Computer Services International, Inc.,* 381 F.Supp. 1208 (D.Mass.1974), and cases cited therein.

### 2.

Notwithstanding the above-cited authorities, defendant seeks to be relieved of his liability on several grounds, which we now consider.

### A.

■ First, defendant asserts that this action is premature since the entries involved are unliquidated, and consequently, the Government is attempting to recover an amount which is not yet a "sum certain." (Defendant's brief, at 2.)

Defendant's position ignores the explicit mandate of section 1505(a) which requires the deposit of estimated duties "at the time of making entry."[3] Further, 19 CFR § 141.1(b), quoted *supra,* refers to the liability for duties as "attaching on importation." Even more to the point is 19 CFR § 141.1(a), which provides:

(a) *Time duties accrue.* Duties and the liability for their payment accrue upon imported merchandise on arrival of the importing vessel within a Customs port with the intent then and there to unlade, or at the time of arrival within the Customs territory of the United States if the merchandise arrives otherwise than by

---

1. Defendant's additional defense interposed in its answer of accord and satisfaction has been abandoned. Defendant's brief, at 7.

2. Defendant admits in his answer to the complaint that he is the importer of record (Answer, Par. 5), and copies of the relevant consumption entries reveal that the merchandise was entered by Harold Goodman for his own account.

3. A "grace period" of ten days after entry is provided by regulation for the deposit of estimated duties. See 19 CFR § 142.12(b).

vessel, unless otherwise specially provided for by law.

In light of the pertinent statute and regulations, it is readily apparent that liquidation (the final ascertainment and computation of the importer's duty liability) is not a condition precedent to defendant's liability for *estimated* duties, which accrue upon importation.

### B.

■ Defendant next argues that the doctrine of election of remedies bars the instant action. Briefly, the doctrine of election of remedies serves to prevent double redress for a single wrong by precluding suitors from pursuing contradictory or inconsistent remedies on the same state of facts. See 25 Am.Jur.2d 646 (1966).

Defendant contends that the remedies available to the Government, viz, liquidated damages under defendant's bond or the recovery of estimated duties by virtue of defendant's statutory liability under section 1505(a), are inconsistent; therefore, urges defendant, the Government by its administrative demand for liquidated damages for breach of the bond has made an election of the former remedy which bars pursuit of the latter.

■ Defendant has not demonstrated that a binding election has been made by the Government. While Customs concededly issued a notice of liquidated damages for breach of the Immediate Delivery and Consumption Entry (term) Bond in conformance with 19 CFR § 172.1(a), there is no showing that such demand was satisfied by defendant. Defendant's allegation concerning an administrative demand for liquidated damages is plainly insufficient to establish a binding election by the Government. As stated by the District Court in *Twentieth Century-Fox Film Corp. v. National Publisher's Inc.*, 294 F.Supp. 10, 12 (S.D.N.Y.1968): "A binding election occurs only where one party pursues a remedy to a point where, in reliance upon such action, the other changes his position to his detriment." The mere demand by Customs for payment of liquidated damages, without more, cannot constitute a binding election.

See 25 Am.Jur.2d 646 (1966) and cases cited. In essence, defendant's allegations demonstrate merely that a remedy other than the one pursued here was available to the Government. No showing whatsoever has been made that a remedy other than the one sought in this action has been pursued by the Government to the point where defendant had reasonably relied thereon to his detriment. Accordingly, the principle of election of remedies is inapplicable here.

### C.

■ Finally, we reach defendant's affirmative defense of equitable estoppel.

While not clearly articulated in either defendant's answer or brief, it would appear that defendant's argument is that the Government is estopped to hold him liable for estimated duties since allegedly no entries were filed inasmuch as estimated duties were never deposited. Defendant, therefore, reasons that plaintiff's only remedy is on the bond. In this connection, defendant urges that by accepting a bond, plaintiff represented to defendant that a demand for liquidated damages under the bond would be plaintiff's only remedy for failure to enter the goods properly and pay estimated duties; that defendant relied to his detriment upon plaintiff's demand for liquidated damages under the bond; and that such detriment arises "by virtue of the instant case and demand for judgment" (Defendant's brief, at 7). In substance, apparently defendant is claiming that the Government falsely represented to defendant that a bond would relieve defendant of liability for estimated duties, and hence "the government must be estopped from claiming both liquidated damages and damages in the instant case. Having already elected liquidated damages, they [sic] [plaintiff] are estopped herein." (Defendant's brief, at 7).

Defendant's arguments in support of his estoppel defense are without merit.

■ The assertion that the Government has misled defendant to his detriment by making a demand on his bond and thus

cannot seek to recover estimated duties in this action is patently frivolous. Defendant's estoppel theory is essentially a reargument of his contention respecting election of remedies, which was rejected, *supra.* Defendant has entered his merchandise and assumed a personal obligation for the payment of estimated duties. For breach of the contractual obligation under defendant's bond to pay Customs duties, the Government may sue for liquidated damages under the bond or may sue defendant to recover the duties owing. *Cf. Art Craft Jewelry Co. v. United States,* 64 Cust.Ct. 414, C.D. 4010 (1970).[4]

Plaintiff's administrative demand for liquidated damages under defendant's bond does not estop plaintiff from filing the instant action to recover estimated duties from defendant. It is well settled that the doctrine of equitable estoppel may not be invoked against the United States when it takes action in its sovereign capacity involving the collection of import duties. *Air-Sea Brokers, Inc. v. United States,* 66 CCPA 64, C.A.D. 1222, 596 F.2d 1008 (1979). And see the recent opinion of Chief Judge Markey of the Court of Appeals for the Federal Circuit in *United States v. Bar Bea Truck Leasing Co., Inc., Bar-Mar Warehouse Co., Inc.,* 713 F.2d 1563, Fed.1983.

### D.

As mentioned *supra,* the Government sues to recover unpaid estimated duties with interest. The remaining question we must decide is whether the United States is entitled to an award of interest in an action for unpaid Customs duties under 28 U.S.C. § 1582(3), and if so, the effective date and rate thereof.

At the outset, we recognize that there is no statutory authorization for an award of interest to the Government in actions brought under section 1582. How-

ever, pertinent to the question of awarding interest in the present case is the teaching of the Supreme Court in *Billings v. United States,* 232 U.S. 261, 34 S.Ct. 421, 58 L.Ed. 596 (1914), that even in the absence of statutory authority, interest may be recovered on money due the United States. This is a long-established rule in the Federal Courts. *United States v. Abrams,* 197 F.2d 803, 805 (6th Cir.1952), *cert. denied,* 344 U.S. 855, 73 S.Ct. 93, 97 L.Ed. 664 (1952).

First, we consider plaintiff's prayer for prejudgment interest from the date that estimated duties were due, viz., ten working days after entry. See 19 CFR §§ 141.101(a) and 142.12(b). In the absence of a statutory provision to the contrary, an award of prejudgment interest is a matter left to the sound discretion of the trial court, is governed by considerations of equity and fairness, and is awarded to make the wronged party whole. *Twin City Sportservice, Inc. v. Charles O. Finley & Co., Inc.,* 676 F.2d 1291, 1310 (9th Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 364, 74 L.Ed.2d 400 (1982); *United States v. California State Board of Equalization,* 650 F.2d 1127, 1132 (9th Cir.1981) *aff'd.,* 456 U.S. 901, 102 S.Ct. 1744, 72 L.Ed.2d 157 (1982); *Payne v. Panama Canal Co.,* 607 F.2d 155, 166 (5th Cir.1979). In the present case, it is obvious that if prejudgment interest were not awarded to the Government, nonpayment of estimated duties would amount to an interest-free loan of the money owing the Government from the due dates for payment until recovery. Plainly, then, as a matter of equity and fairness, the United States should be compensated for the loss of use of the money due. Accordingly, in the absence of any statutory provision to the contrary, prejudgment interest shall be paid by defendant to plaintiff calculated on the basis of the amounts of estimated duties and the due dates set forth

---

4. According to the Government's brief, the bond coverage in this case is only $85,000.00 and the amount of the unpaid estimated duties is in excess of $117,000.00. Hence, plaintiff points up that "the importer in this case would receive a clear windfall of more than $30,000.00 if the Government's exclusive remedy were against the surety on the bond. The amount of the windfall would, of course, increase if upon liquidation, additional duties are found to be owed" (plaintiff's brief in opposition to defendant's cross-motion, at 5).

**1290**

*supra.*[5] Further, it appears equitable that prejudgment interest should be calculated on the basis of the *rate* provided in 28 U.S.C. § 2644 (in accordance with 26 U.S.C. § 6621), since that is the rate which Congress determined would adequately compensate an importer for the loss of use of its money where duties are erroneously assessed.

Turning to postjudgment interest, the *rate* specified in 28 U.S.C. § 2644 is equitable in an action under 28 U.S.C. § 1582(3) for the same reasons discussed above in connection with prejudgment interest. I have noted, however, that plaintiff has requested that postjudgment interest be calculated in accordance with 28 U.S.C. § 1961, citing *United States v. Servitex, Inc.,* 3 CIT ——, Slip Op. 82–18 (1982), involving an action by the United States under 28 U.S.C. § 1582. However, I see no reason in this present case for utilizing different methods of calculating prejudgment and post judgment interest. While it is true that section 2644 does not embrace actions under 28 U.S.C. § 1582, the *rate of interest* specified in section 2644 may be utilized in calculating postjudgment interest in actions brought by the United States under section 1582(3). It should also be pointed out that since *Servitex* was decided, 28 U.S.C. § 1961 has been amended so as to change the method of calculating the rate of postjudgment interest; and significantly, the amended statute now stipulates that it "shall not be construed to affect the interest on any judgment of any court not specified in this section". The Court of International Trade is not one of the courts specified in section 1961.

### E.

As mentioned *supra,* in addition to interest, the Government's prayer for relief includes the request for the imposition of costs. The power of the Court of International Trade to award costs is, apparently, a question of first impression.

Under the Federal Rules of Civil Procedure, to which this Court's rules closely adhere, costs are governed by rule 54(d). However, in all candor, it must be pointed out that our rule 54 does not include a subdivision (d) covering costs as does the corresponding Federal Rule. Nonetheless, the Court of International Trade has the discretion to award costs against this defendant under 28 U.S.C. §§ 1920 and 2412, and such power is yet another tangible manifestation of the expanding jurisdiction of the Court of International Trade under the Customs Courts Act of 1980, P.L. 96–417.

It must be emphasized and reiterated that in this case, the defendant has played "fast and loose" by the issuance of checks for payment of estimated duties, which checks were unpaid for insufficiency of funds. It is plain that equity and the unique facts and circumstances of this case justify an award of costs to the Government.

### Conclusion

Summary judgment is granted to plaintiff for $117,231.46 plus interest from the dates that estimated duties were due (ten working days after entry) until the date of payment of the judgment, calculated upon the rate of interest specified in 28 U.S.C. § 2644. Additionally, as noted, plaintiff's prayer for costs as provided for in 28 U.S.C. §§ 1920 and 2412 is allowed.

Judgment will be entered accordingly.

---

**5.** The amounts of estimated duties and the due dates are not in dispute. The Government admits that it has received partial payment in the sum of $6,220.00 for estimated duties in certain entries. Thus, although the estimated duties in entry No. 81–300448–4 were $21,895.26, defendant's payment of $6,000.00 will be credited against this debt for purposes of interest computation leaving a balance due of $15,895.26. Also, a payment of $220.00 in connection with entry No. 81–300505–6 will be credited to the estimated duties in that entry, leaving a balance due of $19,646.90 for purposes of interest computation.