**BROOKSIDE VENEERS, LTD., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Court No. 81–9–01305.**

United States Court of International Trade.

March 26, 1987.

Stedina & Deem (Charles P. Deem, New York City, on the motion), for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, U.S. Dept. of Justice, Civ. Div., Commercial Litigation Branch (Saul Davis, New York City, on the motion), for defendant.

## MEMORANDUM OPINION AND ORDER

CARMAN, Judge:

Defendant, United States, pursuant to Rule 59 of the Rules of this Court, moves for a rehearing of this Court's opinion and judgment in Slip Op. 86–142 of December 30, 1986. While the purpose of a rehearing is not to retry a case, if there has been a fundamental and significant flaw in the conduct of the original proceedings, Rule 59 provides a useful remedy. *See W.J. Byrnes & Co. v. United States,* 68 Cust. Ct. 358, C.R.D. 72–5 (1972).

Defendant contends the Court misconstrued the terms "log or flitch" as used but not defined in the Tariff Schedules of the United States (TSUS). The Court permitted oral argument of the motion to ensure clarity of the issues presented.

Defendant urges there is little or no case law defining the terms log or flitch. It claims the use of a reconstructed, artificial log or a block of wood is not the same as a log or flitch in its natural state. Furthermore, to rule that a reconstructed log is a log or flitch might result in disassembling other provisions of the TSUS. Defendant asserts that should the Court uphold its earlier judgment, even Formica could be considered wood veneer.

Plaintiff contends that Congress did not define the words log or flitch. The Court should therefore look to the common and commercial meanings of the terms. Furthermore, urges plaintiff, it is incomprehensible that Congress could have intended its Brookline veneers to be treated as anything other than wood veneers under TSUS, item 240.06. Such a result would present an anomaly.

█ Flitch is defined as follows:

1a *obs:* the side of any meat animal salted and cured b: a side of pork cured and smoked; *often:* the side meat of a hog after removal of shoulder loin, ham, and bones cured and smoked as bacon c: a strip or steak of fish (as halibut) suitable for or prepared by smoking 2a: a longitudinal section of a log: as (1): an outer slab cut off in shaping a timber (2): a thick and often specially selected length of timber for further processing (as by cutting into veneer or turning) (3): a thick cut of timber with bark on one or more edges (4): a lengthwise half of a balk b: *a complete package of thin sheets of veneer laid together in sequence as they are sawed or sliced.* 3: one of several elements (as planks or iron plates) that are secured together side by side to make a large girder or laminated beam

Webster's Third New International Dictionary 871 (1968) (emphasis added). The Wood Handbook further provides:

*Flitch.*—A portion of a log sawed on two or more sides and intended for remanufacture into lumber or sliced or sawed veneer. The term is also applied to the resulting sheets of veneer laid together in sequence of cutting.

Forest Products Laboratory, Forest Service, U.S. Dep't. of Agriculture, Agriculture Handbook No. 72, Wood Handbook 482 (1955). The Court finds that where a log or flitch is essentially in its raw state, the veneers manufactured therefrom are properly classifiable as wood veneers under TSUS items 240.00–240.06.

■ Both plaintiff and defendant acknowledge that certain processing must occur before a tree can be processed into ordinary wood veneers. The tree must certainly be felled. It must be cut, and the logs or flitches resulting therefrom may be subject to steaming, cooking, and drying. The Court finds that the placing together of veneers or other types of flitches to secure a certain pattern, the gluing, and sometimes dyeing, by the plaintiff did not transform the resulting logs or flitches from their basic raw state. They are still logs or flitches. If processing of the logs or flitches advances further, the Court observes the raw material, i.e., the logs or flitches may reach a point where they will no longer be logs or flitches but rather some other intermediate or final product.

Since the defendant has failed to establish that there was a fundamental or significant flaw in the conduct of the original proceedings, defendant's motion for a rehearing, pursuant to Rule 59, is denied.