UNITED STATES of America,
Plaintiff-Appellee,

v.

IMPERIAL FOOD IMPORTS,
Defendant,

and

American Motorists Insurance Company,
Defendant-Appellant.

No. 87–1330.

United States Court of Appeals,
Federal Circuit.

Dec. 8, 1987.

---

Harvey Barrison, Russotti & Barrison, New York City argued for defendant-appellant American Motorists Ins. Co. With him on the brief was Mariann Sullivan.

Michael P. Maxwell, Commercial Litigation Branch, Dept. of Justice, New York City, argued for plaintiff-appellee U.S. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Attorney in Charge, International Trade Field Office.

Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.

BISSELL, Circuit Judge.

This is an appeal by defendant American Motorists Insurance Company (Motorists) of a summary judgment awarded plaintiff United States of America by the United States Court of International Trade. *United States v. Imperial Food Imports*, 660 F.Supp. 958 (1987). We affirm.

## BACKGROUND

The importation of foodstuffs is regulated by the United States Customs Service (Customs) and the Food and Drug Administration (FDA) and requires the filing of a bond before release of the shipment by Customs. When importing foodstuffs the importer or its broker must notify the FDA, which may issue a "may proceed notice." However, the FDA may determine that the merchandise should not be permitted to enter the country without proof of compliance with 21 U.S.C. § 381(a)(3) (1982), which concerns adulterated food. In such a case, the FDA will issue a Notice of Sampling, 21 C.F.R. § 1.90, and often a Notice of Detention and Hearing, 21 C.F.R. § 1.94. If the importer does not respond to the Notice of Detention within ten days, a Notice of Refusal of Admission is issued, 21 C.F.R. § 1.94. The importer then has ninety days to either export or destroy the foodstuffs. If the importer has not acted after ninety days, Customs issues a Notice of Redelivery, 19 C.F.R. § 141.111. If the importer fails to comply by redelivering the goods, the importer breaches its bond with Customs.

This action arises from the importation of nine shipments of foodstuffs in 1984, by Imperial Food Imports (Imperial) and its customhouse broker, Western Overseas Corporation (Western). Motorists acted as surety for the bonds provided to Customs. When Imperial imported these shipments, the FDA issued a Notice of Sampling and, subsequently, a Notice of Detention and Hearing for each. Motorists provided Western with blank bonds to be used as needed. For four of the shipments, Imperial and Western filed bonds with Customs before the issuance of the Notice of Deten-

tion. For the other five shipments, the bonds were filed after the issuance of the Notice of Detention. Imperial filed both entry notices and the bonds with Customs, which released the shipments. Imperial did not abide by the Notices of Detention or the subsequent Notices of Redelivery. According to Customs regulations, Imperial had breached the bonds and was subject to liquidated damages. Motorists was not notified of any of these Notices.

Imperial defaulted on the bonds leaving Motorists liable as its surety. Motorists did not pay the liquidated damages. One year after the final demand for payment the United States brought a civil action in the United States Court of International Trade for the damages plus interest from the date of final notice to Imperial. The United States and Motorists both moved for summary judgment, which was granted to the United States. Motorists has appealed.

### ISSUES

1. Whether the trial court erred in granting summary judgment because a dispute existed as to a material fact.

2. Whether the trial court abused its discretion in awarding prejudgment interest.

### DISCUSSION

### I

Motorists contends that it was improper to grant summary judgment because there was an issue of material fact. Motorists relies on the Restatement of Security § 124(1) (1941), which states:

Where before the surety has undertaken his obligation the creditor knows facts unknown to the surety that materially increase the risk beyond that which the creditor has reason to believe the surety intends to assume, and the creditor also has reason to believe that these facts are unknown to the surety and has a reasonable opportunity to communicate them to the surety, failure of the creditor to notify the surety of such facts is a defense to the surety.

The issue of material fact that Motorists alleges to exist is whether the government had a duty to disclose, through the Customs Service, that Notices of Detention had been issued by the FDA before accepting bonds for the shipments. We reject this argument.

The parties filed stipulations of fact in this case before the grant of summary judgment. As to those facts, it is too late at this time for Motorists to argue that a dispute exists. There was one fact, however, to which the parties did not stipulate. This concerns an admission made by the government in its reply brief below, that in five of the subject shipments, Customs received the bonds after Notices of Detention were issued. Motorists maintains that granting summary judgment was inappropriate in this case in light of the questions of fact this admission may raise, and consequently, that we should reverse and remand for a full trial on the merits. Nevertheless, even if we construe this admission in a light most favorable to Motorists, it still does not justify a reversal and remand.

■ According to the leading case construing § 124, a surety must meet three conditions to set forth a defense that would discharge its obligation:

Section 124, subdivision (1), of the Restatement of Security prescribes three conditions prerequisite to imposition of a duty on a creditor to disclose facts it knows about the debtor to the surety. Those conditions are: (a) "the creditor has reason to believe" that those facts materially increase the risk "beyond that which the surety intends to assume"; (b) the creditor "has reason to believe that the facts are unknown to the surety"; and (c) the creditor "has a reasonable opportunity to communicate" the facts to the surety.

*Sumitomo Bank of California v. Iwasaki,* 70 Cal.2d 81, 93, 447 P.2d 956, 965, 73 Cal.Rptr. 564, 573 (1968). Assuming *arguendo* that this circuit were to adopt this reading of the restatement, on the record before us, there is insufficient evidence to satisfy these three elements. Specifically, there is nothing in the record to suggest

that the government had reason to believe Motorists did not know that the stated bonds were filed after Notices of Detention were issued. In view of the lack of evidentiary support for Motorists' position, although the government's admission may raise certain questions of fact, these questions are not sufficiently material to require reversal of the trial court's grant of summary judgment. *See Lemelson v. TRW, Inc.*, 760 F.2d 1254, 1260–61, 225 USPQ 697, 700–01 (Fed.Cir.1985). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

## II

Motorists also argues that the trial court erred by awarding prejudgment interest because (1) liquidated damages functioned in this case as a penalty, and prejudgment interest may not be awarded when a recovery is punitive; and (2) the trial court abused its discretion in making this award. We also reject these arguments.

First, although prejudgment interest may not be awarded on punitive damages, *Underwater Devices, Inc. v. Morrison–Knudsen Co.*, 717 F.2d 1380, 1389, 219 USPQ 569, 576 (Fed.Cir.1983) (in a patent infringement, prejudgment interest is awarded to compensate for the delay in payment and not to punish), Motorists has not established that the liquidated damages in this case were punitive. Liquidated damages are not penalties if they are reasonable and the exact amount of the damages sustained would be difficult to prove. *Fraser v. United States*, 261 F.2d 282, 287 (9th Cir.1958); *Ely v. Wickham*, 158 F.2d 233, 234–35 (10th Cir.1946). The liquidated damages assessed in this case were reasonable. Customs assessed $220,749.00 in liquidated damages, representing the value of the merchandise plus estimated duties, after the importer failed to destroy or export the non-admitted goods. *Imperial Food*, 660 F.Supp. at 959–60. Moreover, the exact amount of damage sustained by the importer's failure to remove foodstuffs that in most instances were adulterated by the presence of insect and rodent filth

would be difficult to prove. Therefore, we conclude that the liquidated damages awarded in this case were not punitive.

Second, it is well-established that in cases such as this in which no statute specifically authorizes an award of prejudgment interest, such an award lies within the discretion of the court as part of its equitable powers. *Jennie–O Foods, Inc. v. United States*, 217 Ct.Cl. 314, 580 F.2d 400, 412 (1978); *United States v. B.B.S. Electronics Int'l. Inc.*, 622 F.Supp. 1089, 1095 (CIT 1985). The Court of International Trade's comments on the availability of prejudgment interest in *United States v. Goodman*, 572 F.Supp. 1284 (CIT 1983), are particularly applicable to the instant matter:

> In the present case, it is obvious that if prejudgment interest were not awarded to the Government, nonpayment of estimated duties would amount to an interest-free loan of the money owing the Government from the due dates for payment until recovery. Plainly, then, as a matter of equity and fairness, the United States should be compensated for the loss of use of the money due.

*Id.* at 1289.

As in *Goodman*, the government here lost the use of the funds constituting the liquidated damages award from the date of final demand for payment. It would be inequitable and unfair for the government to make an interest-free loan of this sum from the date of final demand to the date of judgment. Motorists makes much of the fact that the government did not bring suit until one year after the date of final demand. The trial court obviously considered this in balancing the equities because it awarded prejudgment interest from the date of final demand rather than from the earlier date of breach. *Imperial Food*, 660 F.Supp. at 961. Therefore, we conclude that the award of prejudgment interest in this case was not an abuse of discretion.

AFFIRMED.