UNITED STATES of America, Plaintiff,

v.

MONZA AUTOMOBILI and St. Paul Fire & Marine Insurance Co., Defendants.

Court No. 86–09–01200.

United States Court of International Trade.

March 18, 1988.

**819**

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Barbara M. Epstein), New York City, for plaintiff.

Sandler & Travis (John N. Politis), Los Angeles, Cal., for defendant-St. Paul Fire & Marine Ins. Co.

OPINION

TSOUCALAS, Judge:

The United States commenced this action pursuant to 28 U.S.C. § 1582(2) to recover unpaid liquidated damages resulting from defendant's breach of an entry bond.[1] Defendant concedes liability as surety under the bond in the amount of $6,180.00 and only contests plaintiff's request for pre-judgment interest on the amount due. The matter is before the Court on the parties' cross-motions for summary judgment solely on the issue of the appropriateness of pre-judgment interest.

*Background*

In order to secure immediate delivery of a 1974 Ferrari automobile imported through the port of Houston on November 29, 1978, Monza Automobili ("Monza") filed a single entry delivery and consumption bond with the United States Customs Service ("Customs"), with defendant as surety. The Ferrari did not meet either the National Highway Traffic Safety Administration's ("NHTSA") safety standards[2] or the Environmental Protection Agency's ("EPA") emission standards,[3] but Monza promised to bring the vehicle into conformity with these requirements.

The automobile was never brought into compliance with the governing laws, however, and the district director, pursuant to 19 C.F.R. § 141.113(b), demanded redelivery of the Ferrari to Customs custody on August 29, 1980. As defendant concedes, Monza breached the bond on September 29, 1980 when it failed to redeliver the automobile to Customs custody.[4] Consequently, liquidated damages were assessed against Monza in the amount of $6,180.00 pursuant to 19 C.F.R. § 141.113(g). Under the terms of the bond, defendant is jointly and sever-

---

**1.** Monza Automobili is the principal and St. Paul Fire & Marine Insurance Co. is the surety under the terms of the bond. However, service of process was never effectuated against Monza Automobili; the summons and complaint were returned marked "wrong address." Therefore, this action proceeds only against St. Paul Fire & Marine Insurance Co., which hereinafter will be referred to as "defendant."

**2.** 19 C.F.R. § 12.80.

**3.** 19 C.F.R. § 12.73.

**4.** The Notice of Redelivery stated that "[a]rticles not returned ... within 30 days of this notice become liable for liquidated damage."

ally liable with Monza for the payment of the liquidated damages.

Customs issued three separate payment demands to Monza on the following dates: November 7, 1980; March 16, 1981; and August 20, 1984. These notices indicated that copies of the demands were sent to defendant.

After the second demand for payment, Monza filed a petition for mitigation which was denied by Customs on August 11, 1982. Customs first issued defendant a formal demand for payment on November 13, 1984. Plaintiff filed this action September 23, 1986, to collect the liquidated damages and pre-judgment interest.

*Discussion*

The award of pre-judgment interest is a matter which lies within the discretion of the Court, governed by considerations of equity and fairness. *United States v. Imperial Food Imports*, 834 F.2d 1013, 1016 (Fed.Cir.1987); *see also United States v. Lun May Co.*, 12 CIT ——, ——, 680 F.Supp. 1573, 1576 (1988); *United States v. Toshoku America, Inc.*, 11 CIT ——, ——, 670 F.Supp. 1006, 1012 (1987), *aff'd on rehearing*, No. 84–11–01590 (CIT Dec. 1, 1987), *appeal docketed*, No. 88–1221 (Fed. Cir. Feb. 5, 1988); *United States v. Utex Int'l Inc.*, 11 CIT ——, ——, 659 F.Supp. 250, 254 (1987), *appeal docketed*, No. 87–1414 (Fed.Cir. June 24, 1987).

■ Under circumstances comparable to the instant action, our appellate court upheld an award of pre-judgment interest from the date of final demand for payment. *Imperial Food*, 834 F.2d at 1016. The court reasoned that the government should be compensated for lost use of the money due: "[i]t would be inequitable and unfair for the government to make an interest-free loan of this sum from the date of final

demand to the date of judgment." *Id.* The same considerations apply here. This Court finds defendant liable for pre-judgment interest from the last date Customs demanded payment, November 13, 1984. An award of pre-judgment interest before that date would be inappropriate because the liquidated damages were not fixed with certainty; Monza was still in the process of petitioning Customs for mitigation. Additionally, even though defendant was aware of its liability, Customs had not formally requested payment from defendant until November 13, 1984. Therefore, not until then did Customs become entitled to full payment from defendant on the liquidated damages.

Defendant argues that the government is undeserving of pre-judgment interest because of the laxity with which it pursued the action, by not issuing a formal demand until six years after entry. Although this Court will consider negatively any laxity on the part of the government, *see United States v. B.B.S. Electronics Int'l Inc.*, 9 CIT 561, 567, 622 F.Supp. 1089, 1095 (1985); *United States v. Atkinson*, 6 CIT 257, 262, 575 F.Supp. 791, 796 (1983), the Court's finding that pre-judgment interest applies from the date of final demand takes into consideration plaintiff's lack of expedient prosecution.

■ The two year period after the final demand date does not constitute excessive delay on the part of the government in instituting this proceeding.[5] If the Court were to deny the award of pre-judgment interest for the two year period, defendant would have had, in effect, an interest free loan of the money due from the final demand date until judgment. This would be an inequitable result. Customs should not be put in a position where it is forced to

---

**5.** No clear guidelines exist for determining the date from which pre-judgment interest should be granted since this is a matter within the court's discretionary powers. *Compare Imperial Food*, 834 F.2d at 1016 (a one year delay was found not extreme; pre-judgment interest awarded from the date of final demand) *with United States v. American Motorists Insurance Co.*, 11 CIT ——, ——, 680 F.Supp. 1569, 1572 (1987), *appeal docketed*, No. 88–1261 (Fed.Cir. Feb. 23, 1988), (a two year delay from the denial date of the petition for mitigation was sufficient to deny pre-judgment interest until the date plaintiff brought suit) *and Lun May*, 12 CIT at ——, 680 F.Supp. at 1576 (a five year delay from the date of final demand was found excessive; pre-judgment interest awarded only from the date Customs brought suit).

bring an action in court before it can collect monies defendant admittedly owes.

 Defendant next asserts that Customs issued the Notice of Redelivery subsequent to the final date of liquidation, contrary to its own regulations,[6] causing defendant to detrimentally rely on the validity of the regulations by assuming it could assert the Customs' violation as a legal defense in a court action taken by the government to collect the liquidated damages. Customs' application of its regulations, however, does not excuse defendant's liability for pre-judgment interest. *See Toshoku*, 11 CIT at ——, 670 F.Supp. at 1008; *Utex*, 11 CIT at ——, 659 F.Supp. at 253–54. Defendant's contention is a legal defense, more properly addressed to establishing liability rather than an equitable defense, applicable only after liability has been established. Customs' regulatory implementation, therefore, does not effect the equities involved in assessing pre-judgment interest in the instant action.

 Defendant further contends that the liquidated damages claimed by plaintiff are penal in nature, not subject to the assessment of pre-judgment interest. Pre-judgment interest may not be awarded on punitive damages. *Imperial Food*, 834 F.2d at 1016; *American Motorists*, 11 CIT at ——, 680 F.Supp. at 1572. However, "[l]iquidated damages are not penalties if they are reasonable and the exact amount of damages sustained would be difficult to prove." *Imperial Food*, 834 F.2d at 1016. The liquidated damages in the instant action are reasonable, being equal to the value of the Ferrari plus the estimated duties and taxes ($6,180.00). *See* 19 C.F.R. § 141.113(g); *cf. Imperial Food*, 834 F.2d at 1016 (liquidated damages were reasonable where it equalled the value of the involved merchandise plus estimated duties). Additionally, it would be difficult to measure, monetarily, the exact amount of damage caused by the Ferrari's nonconformity with governmental standards. Consequently, the Court finds the liquidated damages assessed not to be punitive in nature.

### Conclusion

Defendant is liable for pre-judgment interest on the amount due Customs ($6,180.00) from the date of the final demand for payment, November 13, 1984, to the date of judgment. The rate of pre-judgment interest shall be in accordance with 26 U.S.C. § 6621. Post-judgment interest is also awarded in accordance with 28 U.S.C. § 1961.

---

**6.** The liquidation became final on April 29, 1979, sixteen months before the district director issued the Notice of Redelivery on August 29, 1980, a result which is contrary to the regulations. Pursuant to 19 C.F.R. § 141.113(f), "[a]

demand for the return of merchandise to Customs custody shall not be made after the liquidation of the entry covering such merchandise has become final."