FORMER EMPLOYEES OF BASS ENTERPRISES PRODUCTION CO., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Court No. 87–04–00584

(Decided May 3, 1989)

*Charles E. Williams, pro se,* for plaintiffs.

*John R. Bolton,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Elizabeth C. Seastrum*); United States Department of Labor (*Gary E. Bernstecker*), for defendant.

DICARLO, *Judge:* In *Former Employees of Bass Enter. Prod. Co.* v. *United States,* 13 CIT 68, Slip Op. 89–9 (Jan. 24, 1989), the court ordered the United States Department of Labor (Labor) to submit a redetermination of eligibility for trade adjustment assistance benefits under 19 U.S.C. § 2272 (1982 & Supp. IV 1986), *as amended* by the Omnibus Trade and Competitiveness Act of 1988, Pub. L. No. 100–418, § 1421(a), 102 Stat. 1107, 1242–44 (1988). The court allowed 15 days for the plaintiffs to file any response to the redetermination, and granted the defendant 10 days in which to respond to the plaintiffs' comments. Plaintiffs move to strike defendant's brief filed after this time, and ask the Court to award fees and expenses.

## I. *Motion to Strike Late Reply Brief*

Pursuant to Rule 6 of the Rules of this Court which allow 5 additional days when service is made by mail, the defendant's response to the plaintiffs' comments after remand was due on April 5th. The defendant's response was not filed until April 14, 1989. Plaintiffs accordingly move to strike the defendant's brief as untimely.

The defendants submitted their brief without any intervening motion to extend the time established in the briefing schedule published in 13 CIT at 76, Slip Op. 89–9, at 17. The motion to strike the government's brief is granted because it was filed out of time without explanation and because no intervening request to extend time was made.

## II. *Motion for Fees and Expenses*

Plaintiffs request fees and expenses in an amount exceeding $3,000 and allege that Labor acted in "bad faith" throughout the proceedings. Plaintiffs state that

> *Pro se* plaintiff Charles E. Williams started this pursuit for justice without *any* legal background or schooling whatsoever and had to learn how to do legal research and write briefs on his own. This, of course, was time consuming, as was the actual formulating of plaintiffs['] arguments and writing of the various briefs and responses to both Labor and the Court. This time had to be taken away from the time this *pro se* plaintiff had to spend in trying to find employment in his chosen profession, that of a geophysicist.

*Plaintiffs' Response to Defendant's Redetermination,* at 2–3. The plaintiffs are thus apparently requesting attorney's fees for the *pro se* petitioner. Plaintiffs identify their expenses as "materials and supplies, postage fees, telephone expenses, typing and secretarial expense, and copying charges." *Plaintiffs' Response to Defendant's*

*Redetermination,* at 2. Plaintiffs did not specify whether their application was under 28 U.S.C. § 1920 (1982) or the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (1982 & Supp. V 1987).

Attorney's fees are not available to *pro se* litigants. *Naekel* v. *Department of Transportation,* 845 F.2d 976, 980–81 (Fed. Cir. 1988). A party may be able to recover litigation expenses under the EAJA, but an applicant under the EAJA must (1) show that he or she was a prevailing party whose individual net worth did not exceed $2,000,000 at the time when the civil action was filed, and (2) allege that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d) (Supp. V 1987).

In a telephone conference held May 3, 1989, it was pointed out that the applicant could incur substantial time and expense in further researching the law, preparing an EAJA application, and alleging a lack of substantial justification on the part of the government. Since the *pro se* plaintiffs were not entitled to attorneys' fees under the EAJA, and because the plaintiffs' other expenses incurred in litigation were minimal, the applicant elected during the telephone conference to move for costs under 28 U.S.C. § 1920 (1982) rather than for expenses under 28 U.S.C. § 2412(d) (Supp. V 1987).

Although its discretionary power to award costs has been infrequently exercised, the Court of International Trade may award costs under 28 U.S.C. § 1920 (1982). *United States* v. *Goodman,* 6 CIT 132, 141, 572 F. Supp. 1284, 1290 (1983); 28 U.S.C. § 2412(a) (Supp. V 1987). As the court stated in *Goodman:*

> Under the Federal Rules of Civil Procedure, to which this Court's rules closely adhere, costs are governed by rule 54(d). However, in all candor, it must be pointed out that our rule 54 does not include a subdivision (d) covering costs as does the corresponding Federal Rule. Nonetheless, the Court of International Trade has the discretion to award costs against this defendant under 28 U.S.C. §§ 1920 and 2412, and such power is yet another tangible manifestation of the expanding jurisdiction of the Court of International Trade under the Customs Court Act of 1980, P.L. 96–417.

*Goodman,* 6 CIT at 141, 572 F. Supp. at 1290.

The Court finds that this action, having required a first remand to Labor, a denied motion to stay the remand proceeding, a denied motion for rehearing, and a second remand before the plaintiffs were ultimately certified for trade adjustment assistance benefits, is an especially appropriate action in which to award costs.

Before costs are taxed, however, the claimant must file an itemized bill of costs and submit an affidavit stating that each item "is correct and has been necessarily incurred * * *." 28 U.S.C. §§ 1920, 1924 (1982). The plaintiffs should file this affidavit with the Court together with any available receipts.

CONCLUSION

Plaintiffs' motion to strike the "Defendant's Response to Plaintiffs' Response to Defendant's Redetermination" is granted because it was filed out of time without explanation and because no intervening request to extend time was made. Plaintiff's motion for costs under 28 U.S.C. § 1920 (1982) is granted and costs will be taxed after plaintiffs submit to the Court their affidavit of itemized costs and after the defendant has had an opportunity to respond.