UNITED STATES, PLAINTIFF v. TERRY L. BEALEY AND
INSURANCE COMPANY OF NORTH AMERICA, DEFENDANTS

Court No. 86-03-00348

(Decided September 17, 1990)

*Stuart M. Gerson*, Assistant Attorney General, *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*Michael P. Maxwell*), for plaintiff.
*Woolsey, Angelo & Thatcher* (*Joseph Angelo*), for defendant Terry L. Bealey.
*Stein, Shostak, Shostak & O'Hara* (*Robert Glenn White*), for defendant Insurance Company of North America.

DICARLO, *Judge*: The government moves for summary judgment for liquidated damages plus prejudgment and postjudgment interest for breach of an immediate delivery and consumption entry bond. Defendant Terry L. Bealey, the principal, opposes the motion arguing there are material issues of fact. Bealey and the Insurance Company of North America (ICNA), the surety, also oppose the government's request for an award of prejudgment interest. ICNA cross moves for summary judgment against Bealey for indemnification and attorneys' fees and expenses.

The Court has jurisdiction under 28 U.S.C. §§ 1582(2) and 1583 (1988). As there are no genuine issues of material fact and an award of prejudgment and postjudgment interest is appropriate, the government's motion for summary judgment is granted. ICNA's cross-motion for summary judgment for indemnification is also granted.

BACKGROUND

On October 12, 1978, Bealey as principal and ICNA as surety executed an immediate delivery and consumption entry bond. The bond is in the amount of $50,000 and covers multiple entries of certain articles at the Port of Los Angeles/Long Beach between October 5, 1978 and October 4, 1979. Under the bond, Bealey and ICNA jointly and severally agreed that Bealey would deliver to Customs all documents required by law or regulation for the entry of merchandise into the United States. The bond also provides that Bealey and ICNA are jointly and severally liable for liquidated damages if merchandise imported under the bond is not timely exported or redelivered to Customs' custody following a proper demand.

On November 27, 1978, Bealey signed consumption entry number 79-414618 as importer of record for the Lancia and posted his bond with Customs. As a condition of delivery and release of the Lancia, Bealey executed forms stating that within 90 days and 180 days respectively, he

would provide Customs written releases from the Environmental Protection Agency and the Department of Transportation showing that the vehicle was exempt from U.S. emissions and safety standards or had been brought into compliance with them. If the releases were not obtained, the bond required either export or redelivery of the vehicle to Customs. Bealey does not deny signing the entry document, but asserts that because he was fraudulently induced to sign it, he was under no duty to obtain EPA and DOT releases or to redeliver the vehicle.

On April 9, 1980 when Bealey did not provide the releases, Customs issued a demand to redeliver the vehicle. Bealey did not redeliver or export the vehicle. On October 9, 1980, Customs demanded Bealey pay liquidated damages of $12,360, equal to the entered value of the vehicle and its estimated duties. Customs sent a copy of the demand to ICNA. Neither Bealey nor ICNA protested this demand and the liquidated damages remain unpaid. The government commenced this action on March 18, 1986.

Bealey concedes he is the principal on the bond, but claims that he did not intend that it be used for importation of the Lancia. He alleges he was fraudulently induced by third parties to act as importer of record and post his bond for entry of the vehicle. Bealey contends he was merely the shipper who delivered the vehicle to the actual importer.

#### DISCUSSION

I. Government's Claim on the Bond:

A. *Questions of Fact:*

Summary judgment is appropriate where there is no genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). To survive a motion for summary judgment, the non-moving party must come forward with specific facts showing a genuine issue for trial. *Id.* at 587.

Bealey contends there are four issues of material fact precluding summary judgment: (1) whether Bealey was the actual importer, (2) whether third parties fraudulently induced Bealey to sign the entry document, (3) whether he intended to use his bond for entry of the Lancia, and (4) whether his bond covered importation of the Lancia.

Bealey's first three arguments all turn on his assertion that he was fraudulently induced by third parties and the customshouse broker to act as importer of record and post his bond. Nevertheless, Bealey signed the consumption entry form which identifies him as the importer of record. The back of the entry form also states:

> To the best of my knowledge all statements appearing in the entry and in this invoice and all documents presented herewith in accordance with which this entry is made are true and correct in every respect.

Memorandum in Support of Plaintiff's Motion for Summary Judgment, Ex. C.

Bealey cites *Horwitz v. Sprague*, 440 F. Supp. 1346 (S.D.N.Y. 1977) for the proposition that any contract can be set aside for fraud. In *Horwitz*, the alleged fraud was perpetrated by a party to the contract. Here, the persons Bealey claims fraudulently induced him to sign the entry document were not parties to the bond nor were they listed on the entry form. Where fraud is committed by someone not party to a contract, a contract is voidable only under certain circumstances:

> If a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by one who is not a party to the transaction upon which the recipient is justified in relying, the contract is voidable by the recipient, unless the other party to the transaction in good faith and without reason to know of the misrepresentation either gives value or relies materially on the transaction.

Restatement (Second) of Contracts § 164(2) (1979); *accord Morgan Guar. Trust Co. v. Republic of Palau*, 693 F. Supp. 1479, 1496-97 (S.D.N.Y. 1988); *Arlington Park Racetrack, Ltd. v. SRM Computers Inc.*, 674 F. Supp. 986, 993 (E.D.N.Y. 1987); *see also Taxin v. Food Fair Stores, Inc.*, 287 F.2d 448, 450 (3d Cir.) (citing Restatement of Contracts § 447, in discussion of fraud by third parties), *cert. denied*, 366 U.S. 930 (1961); *Blum v. William Goldman Theatres, Inc.*, 164 F.2d 192, 196 n.8 (3d Cir. 1947); 12 Williston on Contracts § 1518 (3d ed. 1970).

Bealey does not contend the government, ICNA, or their agents participated in, knew, or should have known of the alleged fraud. The government manifested material reliance by releasing the Lancia on condition of Bealey posting his bond. Thus, even if Bealey had been fraudulently induced by third parties to enter into this transaction and to post his bond, he will not be able to avoid his obligations as importer of record or as principal on the bond. Therefore, the issue of fraud does not present a genuine question of material fact.

Bealey's remaining assertion is that his bond does not cover importation of the Lancia because his bond number does not appear on the entry document. Bealey does not explain why his claim constitutes a material issue of fact. Bealey is the principal on a term bond covering multiple entries of unspecified articles at the Port of Los Angeles/Long Beach during the period in which the Lancia was entered. The Court finds that Bealey's assertion does not raise a genuine issue for trial.

Since Bealey has not shown a genuine issue for trial, the government's motion for summary judgment on its claim for liquidated damages in the amount of $12,360 is granted.

## B. *Interest:*

The government's motion for summary judgment includes a request for prejudgment and postjudgment interest. As there is no statutory provision authorizing an award of prejudgment interest in an action by the government under 19 U.S.C. § 1582(2) (1988), the decision to make such an award lies within the discretion of the Court as part of its equita-

ble powers. *United States v. Imperial Food Imports*, 6 Fed. Cir. (T) 37, 41, 834 F.2d 1013, 1016 (1987).

ICNA argues prejudgment interest is inappropriate because the government's action for liquidated damages is a claim for punitive civil fines not in compensation for lost income or use of monies. In *Imperial Food*, the Federal Circuit held reasonable liquidated damages resulting from breach of the terms of an import bond and failure to heed notices of redelivery are not penalties. Id. at 40. 834 F.2d at 1016. Here, the amount of liquidated damages the government claims is reasonable because it is based on the entered value of the Lancia and its estimated duties. *See id.; see also United States v. Lun May Co.*, 12 CIT 123, 680 F. Supp. 1573, 1576 (1988) *appeal docketed*, No. 88–1343 (Fed. Cir. May 9, 1988), *vacated by order as per stipulation* (CIT Feb. 28, 1990) (unpublished). Not allowing interest would amount to an interest-free loan to defendants. The government should be compensated for the lost use of these funds. *Imperial Food*, 6 CIT at 41, 834 F.2d at 1016; *Wallace Berrie & Co. v. United States*, 12 CIT 103, Slip Op. 88–15 at 9 (Feb. 9, 1988); *United States v. Goodman*, 6 CIT 132, 140, 572 F. Supp. 1284, 1289 (1983).

ICNA argues the government failed to mitigate any injury occasioned by the breach of the bond through prompt prosecution of its claim. While there was an interval of nearly five and one-half years between Customs' notice of liquidated damages and the filing of this action, there is no evidence that the government's delay was prompted by any dilatory motive. The breach of the bond by the defendants was clear and the defendants knew the government could institute an action at any time within the six year limitation period. *See* 28 U.S.C. § 2415(a). To limit the recovery of prejudgment interest solely because the government did not commence an action shortly after it accrued could encourage Customs to file suit in actions that may have been resolved without resort to judicial intervention.

Under the facts of this case, the Court in its discretion awards prejudgment interest to plaintiff from April 16, 1980 at the rate set forth in 26 U.S.C. § 6621 (1988). *United States v. Reul*, 14 CIT 661, Slip Op. 90–92 at 7 (Sept. 12, 1990). The Court also awards postjudgment interest at the rate provided for in subsection (c) of 28 U.S.C. § 1961 (1988).

## II. *ICNA'S Claim for Indemnification:*

Bealey does not oppose ICNA's motion for summary judgment in its cross-claim. He is the principal on the bond and signed the indemnification agreement. Since the government's motion for summary judgment is granted, and no other facts are in dispute, ICNA's motion for summary judgment is granted.

## CONCLUSION

The government's motion for summary judgment, including prejudgment and postjudgment interest, is granted. ICNA's cross-motion for summary judgment against Bealey is also granted.

ICNA seeks reimbursement for attorney's fees and expenses from Bealey under the indemnification agreement. As this Court has no information required by Rule 68 of the Rules of this Court, it will not rule on that issue. Rule 68 requires an applicant to provide: 1) a citation to authority that authorizes an award; 2) a statement indicating how prerequisites to an award have been fulfilled; and 3) a sworn statement detailing the nature of the services rendered, the amount of time expended on each type of service, and the customary charge for each type of service. ICNA has 30 days in which to present an application for fees.