UNITED STATES, PLAINTIFF *v*. DR. GEORGE REUL AND
ST. PAUL FIRE AND MARINE INSURANCE CO., DEFENDANTS

Court No. 85-04-00562

(Decided February 8, 1991)

*Stuart M. Gerson*, Assistant Attorney General, *Joseph I. Liebman*, Attorney In Charge, International Trade Field Office, United States Department of Justice (*Bruce N. Stratvert*) for plaintiff.
*Nathan, Nathan & Newman* (*Martin R. Nathan*) for Dr. George Reul.
*Sandler, Travis & Rosenberg* (*Leonard L. Rosenberg* and *Barry M. Boren*) for St. Paul.

DiCARLO, *Judge*: St. Paul moves pursuant to Rule 59 of the Rules of this Court for rehearing of *United States v. Reul & St. Paul Fire & Marine Ins. Co.*, 14 CIT 661, Slip Op. 90–92 (Sept. 12, 1990). The Court denies the motion.

### BACKGROUND

Dr. Reul (importer) imported two automobiles from Italy. The first was entered under informal entry on June 14, 1977 and the second was entered under informal entry on November 7, 1978. *See* 19 C.F.R. § 159.10(a)(1) (for regulations concerning informal entry). At the time of entry, the importer represented to Customs that neither vehicle was in compliance with Environmental Protection Agency and Department of Transportation regulations. The automobiles were released after the importer agreed to bring them into compliance with federal regulations and posted a bond. St. Paul is the surety on that bond.

When the initial 90 day compliance period and the additional periods Customs provided elapsed, Customs issued the appropriate redelivery notices. After the importer failed to redeliver or show the vehicles were brought into compliance with federal regulations, Customs sought liquidated damages on the bond.

In its first opinion, the Court granted the government's motion for summary judgment and awarded liquidated damages and interest. St. Paul now moves for rehearing based in part on the opinion of the United States Court of Appeals for the Federal Circuit in *United States v. Utex Int'l Inc.*, 6 Fed. Cir. (T) 166, 857 F.2d 1408 (1988). *Utex*, which was decided after the close of briefing in this case but prior to the Court's previous opinion, is not controlling and does not provide a basis for a rehearing.

### ANALYSIS

Under Rule 59(a)(2) of the Rules of this Court, "[a] * * * rehearing may be granted * * * for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." A motion for rehearing is addressed to the sound discretion of the trial court. *Sharp Elecs. v. United States*, 14 CIT 1, 729 F. Supp. 1354, 1355 (1990); *RSI (India) Pvt. Ltd., v. United States*, 12 CIT 594,

688 F. Supp. 646, 647 (1988), *aff'd* 876 F.2d 1571 (Fed. Cir. 1989). Rehearing is appropriate where there is a fundamental or significant flaw in the original proceeding. *Brookside Veneers, Ltd. v. United States*, 11 CIT 197, 197, 661 F. Supp. 620, 621 (1987), *rev'd on other grounds*, 6 Fed. Cir. (T) 121, 847 F.2d 786, *cert. denied*, 488 U.S. 943 (1988). The purpose of a rehearing is not to relitigate. *Belfont Sales Corp. v. United States*, 12 CIT 916, 698 F. Supp. 916, 918 (1988), *aff'd*, 878 F.2d 1413 (Fed. Cir. 1989).

*Utex* involved the importation of shrimp that did not meet Food and Drug Administration standards. Contrary to its regulations, Customs liquidated the shrimp prior to receiving clearance from the FDA. The entry was not reliquidated and no protest was filed. When Customs sought to recover liquidated damages for the offending entry, the importer argued damages could not be awarded following final liquidation. The Federal Circuit agreed stating "the erroneous liquidation could be corrected only by following the statutory procedures, and that failure to do so within the period set by statute leaves liquidation final." *Utex*, 6 Fed. Cir. (T) at 170, 857 F.2d at 1411.

St. Paul argues that under *Utex* the informal liquidation of the two vehicles was final and the six year statute of limitations began to run 90 days after liquidation. According to this argument, this action is barred by the statute of limitations. *See* 28 U.S.C. § 2415(a) (1988).

St. Paul's reading of *Utex* is overly broad. *Utex* involved a situation where Customs liquidated an entry in violation of a regulation requiring the suspension of liquidation. *Utex*, 6 Fed. Cir. (T) at 169, 857 F.2d at 1410 ("It is undisputed that Customs' liquidation * * * was in violation of these regulations."). The regulation provided the FDA with an opportunity to inspect the merchandise and determine its admissibility prior to it being released into the stream of commerce.

In this case, there are no regulations requiring the suspension of liquidation of automobiles until the EPA and DOT approve their entry. To the contrary, the procedure used with respect to these entries specifically permits the entry of nonconforming vehicles provided they are brought into conformance or returned to Customs within 90 days or such time as permitted by Customs.

The importer accepted the obligation to either bring the vehicles into conformance or return them within the period set by Customs. That obligation vested contemporaneously with the entry. *See* St. Paul's Reply Memorandum in Support of Its Motion for rehearing, 4 ("We agree that the importer assumed certain obligations *at the time of entry*.") (emphasis added). Once vested, this obligation did not disappear on liquidation. *United States v. Toshoku Am., Inc.*, 879 F.2d 815, 816 n.3 (Fed. Cir. 1989) (citing *Utex* at 168, 857 F.2d at 1409 (obligations vested prior to liquidation are not comparable to post-liquidation obligations)).

In *Toshoku*, imported tuna was conditionally released to the importer after it posted a bond. After the FDA discovered the tuna to be decomposed, Customs directed Toshoku to export the tuna within 90 days of

the notice. Despite the inadmissibility of the merchandise, Customs liquidated the entry. *Id.* at 816. Following liquidation, Customs sought liquidated damages for the breach of the bond. The Federal Circuit held the finality of liquidation principle applied in *Utex* to be inapplicable because "the Notice of Refusal of Admission was issued prior to the erroneous liquidation of the entry by Customs." *Id.* at 816 n.3.

In this case, where it was the importer who declared the inadmissibility of the vehicles, the finality of liquidation principle is equally inapplicable. The informal liquidation of the vehicles cannot be deemed to be an EPA and DOT approval for the entries. *See Utex* at 168, 857 F.2d at 1410 ("All findings involved in a district director's decision merge in liquidation." (quoting R. Sturm, Customs Law & Administration § 8.3 *Finality of Liquidation* at 32 (3d ed. 1982))).

This conclusion is consistent with *United States v. Commodities Export Co.*, 15 CIT 1, Slip Op. 91-1 (Jan. 9, 1991). In *Commodities Export*, the government sought liquidated damages for the breach of a Proprietors Warehouse Bond. *Id.* at 2. Relying on *Utex*, the defendant argued liquidated damages could not be awarded because the merchandise had been liquidated. *Id.* at 10. The government countered that *Utex* did not apply because the obligation to pay liquidated damages vested prior to liquidation. The Court held

> [t]he obligation to pay liquidated damaged arose on * * * the date the Notice was issued, and this issuance served to put [defendants] on notice that they had breached their warehouse bond. The subsequent liquidation of the merchandise therefore does not preclude this suit.

*Id.* at 11.

The same reasoning applies in this action. The importer told Customs the vehicles did not comply with federal regulations at the time of entry. The defendants were, therefore, on notice that they would be in breach of the bond if the vehicles were not brought into compliance or redelivered within the time allotted by Customs.

Under these facts, liquidation did not start the running of the statute of limitations. Rather, as the Court found in its prior decision, the statutory period began when the importer defaulted on its obligation to return the vehicles or prove they had been brought into compliance.

Alternatively, St. Paul argues that, even if the Court finds the statutory period began on default, the action as to the first entry is time barred. This argument is an attempt to relitigate the position St. Paul took in the original proceeding. This Court previously held Customs was permitted to and, at the request of the importer's agents, did grant the importer additional time in which to redeliver or show compliance. Customs issued the last notice of redelivery on March 20, 1979. When the importer failed to redeliver or show proof of compliance 30 days later, *i.e.*, on April 19, 1979, the six year statute of limitation began to run. *See Reul*, 14 CIT at 663, Slip Op. 90-92 at 4. The Court adheres to its previous decision on this issue.

St. Paul's final argument is that the Court's award of prejudgment interest was not appropriate for two reasons: the government did not file its complaint until eight years after importation and the liquidated damages sought are punitive.

This court has limited prejudgment interest where the plaintiff delayed in filing suit. *See, e.g., United States v. Angelakos*, 12 CIT 515, 688 F. Supp. 636, 639 (1988) (prejudgment interest awarded only from date of denial of mitigation petition where plaintiff delayed six years in filing suit). In *United States v. Atkinson*, 6 CIT 257, 262 (1983), the court limited prejudgment interest where the injury to the plaintiff was in good measure the result of its own laxness in initiating this action. Nevertheless, this case does not involve "laxness" on the part of the plaintiff.

The record indicates a series of communications between Customs and the importer and multiple extensions of the compliance or redelivery deadline. The importer was aware that a breach would lead to the imposition of liquidated damages and possibly prejudgment interest. Any harm from the imposition of prejudgment interest can be traced to the importer rather than Customs. Finally, this question was extensively briefed and considered in this Court's prior opinion. *See Reul*, 14 CIT at 664–65, Slip Op. 90–92 at 6–7. St. Paul has presented no reason for the Court to retreat from its previous decision.

As to the punitive nature of the liquidated damages, the Federal Circuit has held liquidated damages in the amount of the value of the merchandise plus estimated duties are not punitive. *United States v. Imperial Food Imports*, 6 Fed. Cir. (T) 37, 40, 834 F.2d 1013, 1016 (1987); *see also United States v. Monza Automobili*, 12 CIT 239, 683 F. Supp. 818, 821 (1988). St. Paul has not shown the Court's earlier ruling to have been an abuse of discretion or to have resulted from a fundamental or significant flaw. The Court, therefore, adheres to its earlier ruling.

### Conclusion

The Court finds no flaw or irregularity in the prior proceedings or other reason to believe this case should be reheard. St. Paul's motion for rehearing is, therefore, denied.