UNITED STATES of America, Plaintiff,

v.

Stavros ANGELAKOS and American Motorists Insurance Company, Defendants.

Court No. 87–03–00544.

United States Court of International Trade.

June 7, 1988.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in charge, Intern. Trade Field Office, (Mark S. Sochaczewsky), Civil Div., U.S. Dept. of Justice, New York City, for plaintiff.

Russotti & Barrison, Harvey Barrison, New York City, for defendants.

## OPINION

RESTANI, Judge:

This matter is before the court on cross-motions for summary judgment. Plaintiff seeks to collect liquidated damages based on a failure to heed United States Customs Service notices of refusal of admission of foodstuffs. Defendants are the non-complying importer and the surety on the entry bond. Defendants allege a statute of limitations defense. They also allege that the notices of refusal were not properly issued because they post-dated a liquidation which became final, and because they were not issued promptly. They also oppose award of any substantial pre-judgment interest.

■ Plaintiff responds that it filed suit within six years of the accrual of its right of action pursuant to 28 U.S.C. § 2415(a) (1982). It argues that the right of action did not accrue until it sent notices of liquidated damages in accordance with 19 C.F.R. § 172.1(a) (1987), because such notice is a predicate to the right to bring suit.

Plaintiff's theory presents a number of questions, such as whether it may delay indefinitely the running of the statute of limitations by not sending notices of liquidated damages. In this case, however, it is unnecessary to decide if plaintiff could have waited to bring suit until six years from the date of the notices of liquidated damages, because suit was brought within six years of defendants' breach of the bond terms. The importer had ninety days to comply with the notice of refusal. Thus, breach did not occur until the ninety-first day. Plaintiff brought suit within six years of the day of breach.

As to the defenses based on timing of the notices of refusal, plaintiff's first argument is that demands for liquidated damages are charges or exactions of the type which must be protested before defendants may raise defenses which could have been

raised by protest. *See* 19 U.S.C. § 1514(a) (1982).[1] In these cases, where timing defenses are easily resolved based on prior cases, the court has declined to resolve this issue. This is a complicated issue involving seemingly conflicting precedents. This issue should be resolved when it is necessary to do so to decide a particular case. It is not necessary to decide it here.

■ The defense based on liquidation prior to notice of refusal raises the same issue that is before the Court of Appeals in *United States v. Utex Int'l.*, 11 CIT ——, 659 F.Supp. 250 (1987), *appeal docketed*, No. 87–1414 (Fed.Cir. Jun. 24, 1987). This court has consistently followed that decision and likely will do so unless the Court of Appeals holds otherwise. Thus, the fact that the notice of refusal was issued after liquidation will not defeat plaintiff's claim.[2]

■ Defendants raise, however, another, but related, argument. They argue that there is an issue of fact as to whether the importer received "proper notice" under paragraph 7 of the bond of what it was required to do, because the notices of refusal were not issued promptly. That is, even if Customs may issue notices after liquidation, defendants aver that Customs cannot wait forever. In this case, defendants allege that plaintiff waited 18 and 22 days after it reviewed the foodstuff samples to issue notices of detention; and that it delayed 51 and 10 days in issuing the notices of refusal.[3] Although there is a possibility that an importer or surety could be prejudiced by delay in issuing such notices, defendants have not alleged that any prejudice occurred here. These particular delays by themselves do not make the notices improper and defendants have not averred that they can demonstrate the kind of prejudicial effects which would cause the notices to be deemed improper. Thus, defendants have not raised a material issue of fact.[4]

■ As to prejudgment interest, plaintiff seems to accept the principle, recently reiterated by the Court of Appeals for the Federal Circuit in *United States of America v. Imperial Food Imports*, 834 F.2d 1013, 1016 (Fed.Cir.1987), that this court has discretion to award prejudgment interest. It does not seem to accept the principle that necessarily follows, i.e., that this court has discretion not to award it. As the Federal Circuit stated, this is a matter of weighing the equities involved. If, as plaintiff argues, the court must always award prejudgment interest from the date of accrual of the right of action in order to provide compensation for loss of the use of the money awarded, there is no discretion.

Although the Federal Circuit advised that equities should be considered, it did not advise as to what type of equities should be weighed in making this discretionary determination. Although prejudgment interest may be awarded because the action is predominantly contractual, purely contractual considerations are not the only ones applicable. The damages involved, while they are not penalties, do not closely track any specifically ascertainable damage, and the duties owed by the parties to each other do not arise from simple agreement, but involve legal compulsions. Accordingly, the court deems it appropriate to attempt to fashion the prejudgment interest award to compensate for any prejudice to defendants, to discourage unlawful or unfair conduct, and to encourage conduct

---

1. Plaintiff admits that statute of limitation defenses may be raised here, because they could not be raised by protest.

2. Defendants' argument that the six year statute of limitations should begin to run on the date the entries were liquidated also seems to be logically grounded on the same theory which was rejected in *Utex.* Likewise, the issue of notice of refusal as lack of "proper notice" if occurring after liquidation is disposed of by the *Utex* case.

3. Defendants also argue that the 90 day compliance period should also be deemed to have ended earlier because of these delays. Thus, the statute of limitations would have run earlier. The court cannot establish arbitrary time limits for issuance of notices and transform them into a new statute of limitations.

4. In addition, if there are facts to be tried defendants failed to comply with Rule 56(i) by filing a statement of the material facts in dispute.

which aids in the administration of justice. Thus, the court finds it should consider the same type of factors which concerned the court in *United States v. American Motorists Ins.*, 11 CIT ——, 680 F.Supp. 1569 (1987), *appeal docketed*, Nos. 88–1261 (Fed.Cir. Feb. 23, 1988), 88–1284 (Fed.Cir. Mar. 11, 1988).

Defendants seek the same measure for award of prejudgment interest as was utilized in *American Motorists*, that is, interest from the date of filing suit. In that case, however, plaintiff did not argue any equities which might counter the harm caused by plaintiff's regulatory breach, that is, failure to suspend liquidation, and by delays in getting to court. In addition, the pattern of delays were different. The equities in each case must be weighed according to the facts of each case, as presented by the parties.

Although plaintiff seeks interest from the date of breach, its only serious contention is that interest be awarded from the dates of demand for liquidated damages. In this case demands were made on April 29, and July 29, 1981. Very little has been demonstrated as to why it took almost six more years to get to court. At some point a mitigation petition was filed. It was denied on October 3, 1985. According to regulation, the petition should have been filed in 1981. The court does not know which party is responsible for the four-year delay in resolving the mitigation issue. Nonetheless, plaintiff then took more than a year to file suit after that issue was resolved. At that point there was no benefit to be gained by delay; out of court resolution was no longer an issue.

In similar cases, plaintiff has argued alternatively for interest from the date of denial of the mitigation petition. Certainly, at that point, plaintiff had done what it was required to do to perfect its rights. As resolution of the mitigation petition occurred late in the six year period, and as it is not clear that plaintiff was totally responsible for the four-year delay in resolving the mitigation issue, the court sees no reason to deny plaintiff any further interest because it failed to comply with its

regulations or was somewhat, but not egregiously, slow in getting to court after resolution of the mitigation petition. As laches does not generally bar suit by the government, it is important to encourage conduct which aids in preventing stale claims. It is also important that the court refrain from action which unnecessarily countenances regulatory breaches. But the court must neither unfairly deny plaintiff the time value of money nor reward defendants for not paying. Accordingly, weighing all of the equities in this matter, prejudgment interest is awarded from the date of denial of the mitigation petition, October 3, 1985.