**UNITED STATES, Plaintiff,**

v.

**COMMODITIES EXPORT CO. and Old Republic Insurance Co., Defendants.**

No. 89–03–00144.

United States Court of International Trade.

Jan. 9, 1991.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office, Civ. Div., Commercial Litigation Branch, U.S. Dept. of Justice and Mark S. Sochaczewsky, New York City, for plaintiff.

Walter H. Lubienski and Roger E. Craig, Detroit, Mich., for defendants.

## OPINION

TSOUCALAS, Judge:

Defendants, Commodities Export Co. and Old Republic Insurance Co. (collectively, "Commodities"), have moved to dismiss the action by the United States Customs Service ("Customs") to collect liquidated damages on a bond. Defendants claim that the action is time barred because the statute of limitations has expired. Defendants also assert that Customs is barred from suing to collect liquidated damages on the relevant entries because the entries have been liquidated.

## Background

The facts of this case were set out in detail in *United States v. Commodities Export Co.*, 14 CIT ——, 733 F.Supp. 109 (1990). Briefly, Commodities operates a duty-free store and bonded warehouse. Goods are stored in the warehouse duty-free until sold through the retail store. Pursuant to 19 U.S.C. § 1555 (1982), Commodities executed a Proprietors Warehouse Bond ("bond") in the amount of $50,000 in December 1982. The bond is designed to insure that goods stored duty-free in a bonded warehouse do not enter the stream of commerce of the United States without payment of duties or taxes due thereon.

On February 22, 1983, Customs officials conducted a "spot check" inspection of Commodities' warehouse and found that, in violation of the bond, certain merchandise was improperly marked and other goods were missing. Consequently, on March 21, 1983, Customs mailed to Commodities a Notice of Penalty or Liquidated Damages Incurred and Demand For Payment ("Notice") pursuant to the bond. The Notice states that the importer has sixty days within which to pay. When no payment was forthcoming, Customs filed a Summons and Complaint in this court on March 17, 1989.

## Discussion

### I. Statute of Limitations

As a preliminary matter, the parties do not agree which statute of limitations governs this case. Defendants claim that liquidated damages are penalties and therefore, the applicable statute is 19 U.S.C. § 1621 (1982), which bars such actions if not initiated within five years after the discovery of the alleged offense. In support of this argument, defendants have cited to the Tariff Act of 1930, as amended, 19 U.S.C. § 1623(b)(1) (1982), and Customs' accompanying regulations.

Section 1623(b)(1) authorizes the Secretary of the Treasury to "prescribe the conditions and form of [a Customs] bond, and

fix the amount of penalty thereof, whether for the payment of liquidated damages or of a penal sum." Similarly, Customs' regulations empower the Commissioner of Customs to "[p]rescribe the conditions and form of [a Customs] bond, and fix the amount of penalty, whether for the payment of liquidated damages, or of a penal sum." 19 C.F.R. § 113.2(a) (1983). Commodities claims that these two provisions provide clear cut *definitions* of liquidated damages as penalties. The Court sees little justification for Commodities' unique interpretation of the statute and regulation. The statute is not a definitional one, and the use of the word penalty does not automatically convert liquidated damages into penalties, where they otherwise are not.

It is well settled that liquidated damages "are not penalties if they are reasonable and the exact amount of the damages sustained would be difficult to prove." *United States v. Imperial Food Imports*, 834 F.2d 1013, 1016 (Fed.Cir.1987); *United States v. Lun May Co.*, 12 CIT ——, ——, 680 F.Supp. 1573, 1576 (1988); *United States v. Monza Automobili*, 12 CIT ——, ——, 683 F.Supp. 818, 821 (1988); *United States v. American Motorists Ins. Co.*, 11 CIT 944, 947, 680 F.Supp. 1569, 1572–73 (1987).[1]

In the instant action, the liquidated damages are equal to $100 for each failure to comply with the bond plus five times the duty and tax due on dutiable or taxable merchandise. If the goods are not dutiable, then the liquidated damages equal $100 plus the value of the merchandise. *See* Exhibit A of *Plaintiff's Complaint*. In light of the caselaw and the policy of discouraging foreign-made goods from entering the commerce of the United States without payment of duties and taxes, the Court finds that this provision is reasonable, and does not constitute a penalty on Commodities. Hence, the five year statute

---

1. Liquidated damages were held to be reasonable where they equaled the value of the product plus the estimated duties and taxes. *See* *Imperial Food,* 834 F.2d at 1016; *Monza,* 12 CIT at ——, 683 F.Supp. at 821; *Lun May,* 12 CIT at ——, 680 F.Supp. at 1576.

of limitations in 19 U.S.C. § 1621 is inapplicable to this case.[2]

Moreover, a number of cases in this court have applied the six year statute of limitations in 28 U.S.C. § 2415 to liquidated damages cases. *United States v. Peerless Ins. Co.*, 12 CIT ——, ——, 703 F.Supp. 955, 957 (1988); *United States v. Angelakos*, 12 CIT ——, ——, 688 F.Supp. 636, 637 (1988). The Court here follows those decisions and holds that this action is governed by the six year statute of limitations for actions for money damages brought by the United States and founded upon a contract. 28 U.S.C. § 2415(a) (1988).[3]

▬▬ The parties also disagree on the issue of when the statute of limitations began to run. The statute bars actions for contract damages unless they are brought "within six years after the right of action accrues." 28 U.S.C. § 2415(a). Thus, the dispute is as to when Customs' right to sue to collect liquidated damages accrued. Defendants claim it was when the Customs officers conducted a spot check inspection on February 22, 1983, and found discrepancies in merchandise. *Motion to Dismiss* at 4. Plaintiff asserts that it had no right of action until after it mailed the demand for payment of liquidated damages on March 21, 1983. *Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss and in Support of Plaintiff's Motion for Summary Judgment* at 8.

In *United States v. Atkinson*, 6 CIT 257, 575 F.Supp. 791 (1983), Customs mailed a notice to defendant ordering him to redeliver merchandise within five days, in accordance with the terms of the entry bond. In applying 28 U.S.C. § 2415, the court held that the statute of limitations began to run when defendant failed to redeliver the goods five days after the notice was mailed. 6 CIT at 260, 575 F.Supp. at 794. There, the defendant breached the bond by failing to redeliver merchandise in accordance with the bond. In so ruling, the court reiterated the "general rule that 'the statute of limitations begins to run on the date that a cause of action for breach accrues, which is ordinarily the time of the breach of the agreement.' " *Id.*, quoting *Schmidt v. McKay*, 555 F.2d 30, 34 (2d Cir.1977).

In this case, Commodities allegedly breached the bond by not being able to account for all the goods in their bonded warehouse. The bond does not require that Customs send to importer a notice of demand for liquidated damages. Hence, the breach did not occur when Commodities failed to pay liquidated damages, but rather when Commodities failed to account properly for all the merchandise stored in their warehouse. This occurred on February 22, 1983.[4]

Customs contends, however, that the government's *right* of action did not accrue until after it had sent notice of demand for liquidated damages to Commodities, even though the breach allegedly had occurred already. Congress gave no guidance as to when the right of action accrues. No statutory provision requires that Customs first send notice of demand for liquidated damages to importers before suing in this court to collect. Instead, Customs cites to its regulations for support for this contention.

---

**2.** Furthermore, this court has held that section 1621 did not apply to a counterclaim by the United States for liquidated damages arising from the breach of a Customs bond. *DiGiorgio v. United States*, 8 CIT 192, 196–97 (1984). There, the court distinguished actions for liquidated damages from "penalty-type proceedings," and allowed the action to go forward based on 28 U.S.C. § 2415(f).

**3.** 28 U.S.C. § 2415(a) provides in pertinent part: ... every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues....

**4.** Indeed, in the government's Complaint it is stated that "[a]s a result of [the spot check] inspection it was determined that Commodities was in default on Condition 2(b) of the bond, as 37 warehouse entries were not marked and segregated by entry number. Shortages in seven (7) entries were also discovered during the inspection. As there was no written notification to Customs by Commodities of any shortages, these shortages constituted a default under Condition 5(g) of the bond." *Plaintiff's Complaint* at 3.

Part 172 of Customs' regulations deals with provisions relating to notices of liquidated damages. 19 C.F.R. § 172.1(a) (1983) states that, upon breach of "any bond posted with Customs, the principal shall be notified in writing of any liability for liquidated damages incurred by him and a demand shall be made for payment." The issue then is whether Customs has a right of action before such notice is sent; and further, whether Customs can indefinitely extend the statute of limitations by postponing the issuance of the notice.

This court addressed the issue in *United States v. Continental Seafoods, Inc.*, 11 CIT 768, 672 F.Supp. 1481 (1987).[5] That case dealt with a food importer whose merchandise was found to be contaminated. The importer was given fifteen days to try to cure the problem. Eight months later, Customs determined that the food was still unacceptable and issued a notice of refusal of admission, ordering the goods exported within ninety days. The court held that the statute of limitations in § 2415 did not begin to run until the ninety day period expired, despite the importer's claim that the statute should run from the fifteenth day after the notice to cure. 11 CIT at 770, 672 F.Supp. at 1483–84. As here, the importer asserted that the government could indefinitely postpone the running of the statute by delaying the sending of the notice of refusal of admission. In holding that the eight month gap between breach and notice was not unreasonable, the court stated that it would "not presume that the government will deliberately withhold the notice of refusal of admission." *Id.*

In the instant action, the Notice was issued on March 21, 1983, less than one month after the inspection. While the government may not indefinitely postpone the issuance of a demand for payment, the government is entitled to a reasonable time after such inspection during which to calculate the damages. The court finds that the period between the inspection and the issuance of the Notice, to wit, less than one month, does not constitute an unreasonable delay on the part of the government.

Furthermore, Customs regulations dictate that a notice of demand for liquidated damages must be issued to the importer. 19 C.F.R. § 172.1(a). If the government could bring suit immediately upon discovery of alleged discrepancies in merchandise, there would be no reason for the regulations, which serve the useful purpose of administratively notifying importers of their liability, and providing them with an opportunity to respond without resort to the judicial system.[6]

The Court concludes, therefore, that Customs may not bring suit prior to issuance of the notice of demand for liquidated damages. The Notice was issued on March 21, 1983, after which Commodities had sixty days to respond, either by paying or by filing a petition for relief. *Notice*, Exhibit B to *Plaintiff's Complaint; see also* 19 C.F.R. § 172.2(a). Thus, the statute of limitations did not begin to run until after the deadline expired, that is, on May 20, 1983. Since the Complaint was filed on March 17, 1989, it was within six years of the date the right of action accrued and, accordingly, was timely commenced.

## B. *All Entries Liquidated*

Commodities also claims that Customs' action may not proceed because the relevant entries have been liquidated, and barring timely protest or reliquidation, liquidation is final and conclusive and may not now be challenged. Defendants assert that, by liquidating Commodities' goods, Customs accepted that they were exported properly and is estopped from bringing suit for liquidated damages. The government admits that the entries were liquidated duty-free, but states that liquidation does

---

5. The issue also was raised in *Angelakos,* but the court did not reach it because plaintiff's suit was brought within six years of the defendants' actual breach of the bond terms. 12 CIT at ——, 688 F.Supp. at 637.

6. Also, the regulations state that, only if liquidated damages are not paid within sixty days after demand is sent will the matter be turned over to the U.S. Attorney's office. 19 C.F.R. § 172.2(a) (1983).

not bar this action.[7] Since the demand for liquidated damages was sent prior to liquidation, Customs asserts that "the determination of duty liability does not discharge the liability for the obligation required by the bond." *Plaintiff's Memorandum* at 10.

Defendants cite to our appellate court's ruling in *United States v. Utex Int'l, Inc.*, 857 F.2d 1408 (Fed.Cir.1988), for the proposition that liquidation is final and conclusive and, "absent timely reliquidation or protest it was final as to all aspects of the entry," including liquidated damages. *Id.* at 1412. In *Utex*, the court refused to allow the government to avoid the finality of liquidation by subsequently issuing a Notice of Refusal of Admission of contaminated shrimp, and later a Notice of Penalty or Liquidated Damages Incurred and Demand For Payment, because the notices were issued *after* liquidation. The court wrote that the "importer, the surety, and the government are bound by and have the right to rely on the finality of liquidation." *Id.* Consequently, the liquidation stood and the government's collection action against the surety was dismissed for lack of jurisdiction.

In *United States v. Toshoku Am., Inc.*, 879 F.2d 815 (Fed.Cir.1989), the court dealt with a similar set of facts, where imported tuna was found contaminated by the Food and Drug Administration ("FDA"). The FDA issued a Notice of Detention and Hearing, and Customs then issued a Notice of Refusal of Admission. 879 F.2d at 816. Subsequently, Customs liquidated the merchandise and, six months after liquidation, Customs issued a Notice of Penalty or Liquidated Damages Incurred and Demand For Payment. The court stated that the finality of liquidation principle expressed in *Utex* was inapplicable in *Toshoku* because "the Notice of Refusal of Admission was issued prior to the erroneous liquidation of the entry by Customs." *Id.* The court in *Toshoku* stated in a footnote that *Utex* stood for the proposition that "obligations vested prior to liquidation are not comparable to post-liquidation obligations." *Id.* Thus, the obligation to pay liquidated damages arose with the issuance of the Notice of Refusal of Admission, and the subsequent liquidation did not, in itself, preclude the collection suit.

In the present action, Customs issued a Notice of Penalty or Liquidated Damages Incurred and Demand For Payment one month after finding breaches of the bond. It was only *after* the Notice was issued that the goods were liquidated. The obligation to pay liquidated damages arose on March 21, 1983, the date the Notice was issued, and this issuance served to put Commodities and Old Republic on notice that they had breached their warehouse bond. The subsequent liquidation of the merchandise therefore does not preclude this suit.

### Conclusion

Since plaintiff brought this action within six years after the right of action accrued, in accordance with 28 U.S.C. § 2415, the statute of limitations does not bar this suit. Moreover, the liquidation of the merchandise does not thwart the suit as it came after the notice of assessment of liquidated damages was issued. Accordingly, defendants' motion to dismiss is denied.

---

**7.** According to Customs, the goods were liquidated between April and October 1983. *See*

Exhibit E of *Plaintiff's Memorandum.*