The UNITED STATES,
Plaintiff–Appellee,

v.

COMMODITIES EXPORT CO.,
Defendant–Appellant,

and

Old Republic Insurance Co.,
Defendant–Appellant.

Nos. 91–1470, 91–1482.

United States Court of Appeals,
Federal Circuit.

Aug. 11, 1992.

Mark S. Sochaczewsky, Atty., Commercial Litigation Branch, Dept. of Justice, New York City, argued, for plaintiff-appellee. With him on the brief, were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Atty. in. Charge, Intern. Trade Field Office. Also on the brief was Michele L. Kenney, U.S. Customs Service, of counsel.

Roger E. Craig, Naples, Fla., argued, for defendant-appellant, Commodities Export Co. With him on the brief, was Walter H. Lubienski, Lubienski & Lubienski, Detroit, Mich. Wayne James Jarvis, Wayne Jarvis, Ltd., Chicago, Ill., argued, for defendant-appellant, Old Republic Ins. Co. With him on the brief was Michael G. Hodes, Hodes & Filon, Chicago, Ill., of counsel.

Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.

RADER, Circuit Judge.

The United States sued Commodities Export Company and Old Republic Insurance Company in the United States Court of International Trade to recover unpaid liquidated damages under a customs warehouse bond. The trial court entered judgment in favor of the United States. *United States v. Commodities Export Co. & Old Republic Ins. Co.*, CIT No. 89–03–00144, May 14, 1991. Because the United States did not file its action within the six year statute of

limitation, 28 U.S.C. § 2415(a) (1988), this court reverses.

## BACKGROUND

Section 1557(a) of Title 19 (1988) allows an importer to store imported foreign merchandise in a bonded warehouse for up to five years from the date of importation without paying duties. An importer must pay duties on merchandise removed from storage for consumption within this country. *Id.* An importer pays no duties, however, on merchandise withdrawn from storage for export. *Id.*

Commodities sells both domestic and foreign goods from its duty-free store. This store lies directly adjacent to the Canadian border in Detroit. Commodities stores its merchandise in a bonded warehouse under 19 U.S.C. § 1557(a). As a duty-free sales enterprise, Commodities sells its merchandise in export only. *See* 19 U.S.C. § 1555(b) (1988). Thus, Commodities sells its merchandise to persons immediately leaving the United States to enter Canada. In the event of a sale to persons remaining in the United States, Commodities must collect duties. *See United States v. Commodities Export Co.*, 733 F.Supp. 109, 110 (Ct.Int'l Trade 1990) (*Commodities I*).

"To insure payment of duties and other charges due to runaways and other infractions," the United States entered into a warehouse bond agreement with Commodities, as principal, and Old Republic Insurance, as surety. *Id.* Under the agreement, Commodities and Old Republic jointly and severally promised to pay liquidated damages of $100 for each violation of the bond's terms. Moreover, they agreed to pay liquidated damages of five times the duty and tax on any dutiable merchandise removed from the warehouse without the Customs Service's approval. The bond required Commodities to mark its merchandise correctly and to notify Customs of any inventory discrepancies.

On February 22, 1983, Customs conducted a spot check of Commodities' warehouse. The investigation revealed that Commodities had not properly marked 37 warehouse entries and had not notified Customs of inventory shortages in seven entries. On March 21, 1983, Customs sent Commodities a demand for payment of liquidated damages for breach of the bond. *See* 19 C.F.R. 172.1(a) (1982). The demand required Commodities to pay $6,293.96 or petition for relief within 60 days. On May 19, 1983, Commodities objected to the assessment of liquidated damages. Customs denied Commodities' petition on November 4, 1987. On November 20, 1987, Customs formally demanded payment by Old Republic within 30 days. On February 20, 1988, March 5, 1988, and March 19, 1988, Customs issued bills to Commodities and Old Republic for payment of the liquidated damages. Neither defendant paid Customs.

On March 17, 1989, the United States brought this action against Commodities and Old Republic to recover the unpaid liquidated damages. The trial court denied defendants' motion to dismiss for lack of subject matter jurisdiction. *Commodities I.* Defendants then moved to dismiss because the statute of limitations had run and because Customs had actually liquidated the goods duty-free. The trial court denied this motion also. *United States v. Commodities Export Co.*, 755 F.Supp. 418 (Ct. Int'l Trade 1991) (*Commodities II*).

At trial, the jury affirmed the validity of the bond agreement and found that Commodities had breached the bond. On May 14, 1991, the court entered judgment in favor of the United States.

## DISCUSSION

### I.

Section 1582 of Title 28 (1988) sets forth exclusive jurisdiction for the Court of International Trade:

The Court of International Trade shall have exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States—

(1) to recover a civil penalty under section 592, 641(b)(6), 641(d)(2)(A), 704(i)(2), or 734(i)(2) of the Tariff Act of 1930;

(2) to recover upon a bond relating to the importation of merchandise required by the laws of the United States or by the Secretary of the Treasury; or

(3) to recover customs duties.

Thus, to fall within the exclusive jurisdiction of the Court of International Trade, this action to recover on a bond must be "commenced by the United States," "arise[ ] out of an import transaction," and "relat[e] to the importation of merchandise required by the laws of the United States or by the Secretary of the Treasury." *Id.*

■ The United States' commencement of this action satisfies the first element. The second and third elements require this court to construe the terms "import transaction" and "importation." Specifically this court must determine whether foreign goods in a bonded warehouse are "imported" within the meaning of 28 U.S.C. § 1582(2). The statutes governing bonded warehouses repeatedly refer to warehouse goods as imports. For instance, 19 U.S.C. § 1557(a) permits an importer to store merchandise in a bonded warehouse without payment of duties for up to five years from the date of "importation." Section 1557 thus considers goods imported upon their entry into this country, rather than upon payment of duties before merchandise enters domestic commerce.

Similarly, section 1555(a) of Title 19—the statute authorizing Commodities' and Old Republic's bond—refers to "imported" merchandise in customs bonded warehouses. Thus, goods in bonded warehouses are "imported" upon entry into this country and storage in a bonded warehouse. The importer need pay no duties to "import" merchandise stored in its warehouse. The Supreme Court has adopted the language of Title 19 in referring to goods in bonded warehouses. *R.J. Reynolds Tobacco Co. v. Durham County*, 479 U.S. 130, 134 n. 3, 107 S.Ct. 499, 503 n. 3, 93 L.Ed.2d 449 (1986) ("Goods may remain in a customs-bonded warehouse for up to five years from the date of importation...."); *see also Xerox Corp. v. County of Harris*, 459 U.S. 145, 150, 103 S.Ct. 523, 526, 74 L.Ed.2d

323 (1982) ("Congress established a comprehensive customs system which includes provisions for Government-supervised bonded warehouses where imports may be stored duty free for prescribed periods."); *Cunard S.S. Co. v. Mellon*, 262 U.S. 100, 122, 43 S.Ct. 504, 507, 67 L.Ed. 894 (1923) ("If there be an actual bringing in it is importation regardless of the mode in which it is effected. Entry through a custom house is not of the essence of the act.").

In *Stone & Downer Co. v. United States*, 19 CCPA 259, 264 (1931), *cert. denied*, 287 U.S. 619, 53 S.Ct. 20, 77 L.Ed. 538 (1932), this court's predecessor noted that "importation" has a different meaning for the timing of duty payments. *Stone & Downer* clarified that Title 19 requires Customs to assess duties at the time foreign goods in a bonded warehouse enter into domestic commerce, rather than at the time these goods enter the warehouse. *Id.* In that context, Customs collects duties on "imported" goods upon entry into domestic commerce. Because this appeal does not concern the timing of duty assessments, *Stone & Downer* is not applicable.

By referring to "import transaction" or "importation of merchandise," 28 U.S.C. § 1582 gave the Court of International Trade jurisdiction over bonded warehouses. The phraseology of section 1582 underscores the breadth of this jurisdictional grant. A civil action need only arise out of an import transaction to fall within the court's jurisdiction. Moreover a bond need only relate to importation. This broad language commits a wide spectrum of controversies concerning the importation process to the Court of International Trade.

The legislative history of section 1582 also supports the breadth of the jurisdictional grant to the Court of International Trade. The House report accompanying the 1980 rewrite of this provision described the court's jurisdiction as "a comprehensive system of judicial review of civil actions arising from import transactions." H.R.Rep. No. 1235, 96th Cong., 2d Sess. 20 (1980), *reprinted in* 1980 U.S.C.C.A.N. 3729, 3731.

Under the terms of 28 U.S.C. § 1582(2), this action against Commodities falls within the jurisdiction of the Court of International Trade. The United States brought the action. Two-thirds of the merchandise in Commodities' warehouse is foreign. By bringing this merchandise into the United States, Commodities conducted an "import transaction." This civil action thus "arises out of an import transaction," satisfying the second jurisdictional requirement of 28 U.S.C. § 1582(2).

■ Finally, the bond in this case relates to importation in at least two ways. The bond's terms deal with Commodities' documentation and manipulation of imported merchandise in its warehouse. The bond also ensures payment of duties on imported merchandise in the event those duties become payable. Therefore, Commodities' bond "relat[es] to the importation of merchandise," satisfying the third element of 28 U.S.C. § 1582(2). The trial court therefore properly exercised jurisdiction over this action.

## II.

■ This court must next determine the statute of limitations which applies to this action. Section 1621 of Title 19 sets forth a five-year limitation on any "suit or action to recover any pecuniary penalty or forfeiture of property accruing under the customs laws." 19 U.S.C. § 1621 (1988). Section 2415(a) of Title 28 provides a six-year limitation on "every action ... brought by the United States or an officer or agency thereof which is founded upon any contract." 28 U.S.C. § 2415(a).

The five-year statute of limitations in 19 U.S.C. § 1621 does not apply in this case because the United States does not seek "pecuniary penalt[ies] ... accruing under the customs laws." *See also United States v. Imperial Food Imports*, 834 F.2d 1013, 1016, 6 Fed.Cir. (T) 37, 40 (1987)

("Liquidated damages are not penalties if they are reasonable and the exact amount of the damages sustained would be difficult to prove."). Rather, the United States brought this action to recover liquidated damages under the terms of a contract, the bond agreement. Because "founded upon [a] contract," this action falls within the language of 28 U.S.C. § 2415. Therefore, the trial court properly applied a limitations period of six years in this case.

## III.

Finally this court must decide whether the United States filed this action within the applicable statutory period. Under 28 U.S.C. § 2415(a), the United States may not bring an action "unless the complaint is filed within six years after the right of action accrues."

The trial court determined that the Government's right of action accrued on May 20, 1983, after Customs followed its own regulations. *Commodities II*, 755 F.Supp. at 422. In these regulations Customs imposes on itself the requirement to demand payment from a party who has not met the conditions of a customs bond. 19 C.F.R. § 172.1(a).[1] If that party does not pay within 60 days of Customs' mailing of notice, "the district director of Customs, after required collection action, shall refer the claim promptly to the United States attorney." 19 C.F.R. § 172.2(a) (1982).

■ As a general principle, this court recognizes that "[u]nder federal law governing statutes of limitations, a cause of action accrues when all events necessary to state a claim have occurred." *Chevron U.S.A. v. United States*, 923 F.2d 830, 834 (Fed.Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991); *Nager Elec. Co. v. United States*, 368 F.2d 847, 851–52, 177 Ct.Cl. 234 (1966). The Supreme Court also has long recognized this

---

**1.** It appears that Customs may not have adhered strictly to its regulations. Section 172.1(a) of Title 19 of the Code of Federal Regulations (1982) requires Customs to notify the surety of liability on the bond "at the same time as the principal." According to the original complaint in this action, the United States made a formal demand on Old Republic on November 20, 1987—over four years after it made a demand on Commodities. The only other evidence of record before this court on this issue, Customs' own automated billing record, gives November 16, 1987, as a date Customs made a demand on the surety.

general rule. *United States v. Lindsay,* 346 U.S. 568, 569, 74 S.Ct. 287, 288, 98 L.Ed. 300 (1954) ("In common parlance a right accrues when it comes into existence...."); *Unexcelled Chem. v. United States,* 345 U.S. 59, 65, 73 S.Ct. 580, 583, 97 L.Ed. 821 (1953) ("A cause of action is created when there is a breach of duty owed the plaintiff. It is that breach of duty, not its discovery, that normally is controlling.").

▮ This court must assess, however, the effect of Customs' regulations on this general rule for accrual of a right of action. In *Crown Coat Front Co. v. United States,* 386 U.S. 503, 509–11, 87 S.Ct. 1177, 1181–82, 18 L.Ed.2d 256 (1967), the Supreme Court permitted a Government contract's disputes clause to delay accrual of a right of action arising under the contract. The contract bound the contractor to exhaust administrative remedies before instituting suit. *Id.* at 511–12, 87 S.Ct. at 1182. Where the parties had agreed in advance to a condition on the filing of a suit, the Supreme Court gave effect to that agreement by delaying accrual of the right of action.

In this case, however, the parties have not agreed to conditions on institution of a suit, rather Customs has unilaterally adopted regulations which delay filing of actions. The bond agreement does not require Customs to demand payment or to send notice before suing Commodities or Old Republic. The bond does not require Customs to wait 60 days for a response to the demand before suing. Moreover, Customs' regulations do not state that commencement of the statutory period is postponed until after Customs gives notice and waits 60 days for a response. No statute requires Customs to give notice of demand for liquidated damages before suing. Without agreement of the parties or statutory obligations delaying the institution of suit, the general rule for accrual of a right of action still applies.[2]

The trial court erred in postponing commencement of the limitations period until after Customs complied with its own regulations. While Customs' self-imposed internal procedures may constrain its right to sue, a question we do not decide here, they cannot change the defendants' right to repose after the statutory six-year period. Customs' internal procedures are a unilateral effort to settle the dispute without resort to legal action.[3] This court cannot, however, permit a single party to postpone unilaterally and indefinitely the running of the statute of limitations.

By its terms, 28 U.S.C. § 2415 is subject also to statutory exceptions to the general rule regarding accrual of causes of action. The relevant statute, 28 U.S.C. § 2416 (1988), states:

> For the purpose of computing the limitations periods established in section 2415, there shall be excluded all periods during which—
>
> ....
>
> (c) facts material to the right of action are not known and reasonably could not be known by an official of

---

**2.** Under the bond agreement, Old Republic agreed to pay liquidated damages "[i]f principal defaults." The bond agreement did not require Customs to demand payment from Old Republic before suing. Thus, under the terms of the bond, Old Republic incurred liability to Customs when Commodities breached the bond. Customs' right of action against Old Republic therefore accrued at the same time its right of action accrued against Commodities.

**3.** The Supreme Court has referred in dicta to 28 U.S.C. § 2415 as "a statute aimed at equalizing the litigative opportunities between the Government and private parties." *Crown Coat Front Co. v. United States,* 386 U.S. 503, 521, 87 S.Ct. 1177, 1187, 18 L.Ed.2d 256 (1967). The Supreme Court noted that "[t]he congressional intent to 'put the Government on a parity with those private litigants who may sue' and 'to equalize the position of litigants' is sufficiently evident." *Id.* at 521 n. 14, 87 S.Ct. at 1187 n. 14 (citations omitted).

The intent of "equality" is not served by allowing the Government to unilaterally postpone accrual of a cause of action. A private corporation suing the Government may not stall the commencement of the statute of limitations merely with in-house proceedings which precede any lawsuit. Similarly, the Government may not indefinitely postpone the running of the statute merely by taking the steps any prudent litigant would take before bringing a lawsuit.

the United States charged with the responsibility to act in the circumstances.... [4]

The language of section 2416(c) requires this court to examine the nature of the "facts material to the right of action." Only facts which could not reasonably be known by a relevant Government official postpone accrual. Under the facts of this case, relevant Government officials reasonably could have known of the cause of action before March 17, 1983. Thus, in the words of our sister circuits, "once the facts making up the 'very essence of the right of action' are reasonably knowable, the § 2416 bar is dropped." *United States v. Gavilan Joint Community College Dist.*, 849 F.2d 1246, 1250 (9th Cir.1988) (quoting *United States v. Kass*, 740 F.2d 1493, 1497 (11th Cir.1984) (quoting S.Rep. No. 1328, 89th Cong., 2d Sess. 6 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2502, 2508)).

Section 2416(c) does not postpone accrual of the Government's cause of action beyond March 17, 1983. On February 22, 1983, Customs inspected Commodities' warehouse. These inspecting officials found that Commodities had not marked some merchandise with proper warehouse entry numbers. The absence of the markings breached the bond. Simply viewing the boxes made this blatant breach apparent. Thus, because the Government's right of action accrued before March 17, 1983, *this action is time barred.*

## CONCLUSION

The Court of International Trade properly asserted jurisdiction over this action. That court also applied the proper statute of limitations. However, that court erred in finding that the Government had filed its action within the six-year time bar.

REVERSED.

**4.** While acknowledging that this subsection would primarily apply to cases of fraudulent concealment of Government causes of action, Congress recognized that the complexities and size of the Government could impede responsible officials' knowledge of material facts. S.Rep. No. 1328, 89th Cong., 2d Sess. 6 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2502, 2507; *see also United States v. Kass*, 740 F.2d 1493, 1497 (11th Cir.1984). The legislative history of section 2416(c) explains:

It is not intended that the application of this exclusion will require the knowledge at the highest level of the Government. Responsibility in such matters may extend down into lower managerial levels within an agency. As a general proposition, the responsible official would be the official who is also responsible for the activity out of which the action arose. S.Rep. No. 1328 at 6.