UNITED STATES, PLAINTIFF *v.* HANOVER INSURANCE CO., DEFENDANT

Court No. 92–11–00733

(Decided July 9, 1993)

*Frank W. Hunger,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Civil Division, United States Department of Justice (*Susan Burnett Mansfield*), *Darlene M. Stephens* (*United States Customs Service*), of counsel, for plaintiff.

*Sandler, Travis & Rosenberg, P.A.* (*Gilbert Lee Sandler, Ronald W. Gerdes, Arthur K. Purcell*) for defendant.

## MEMORANDUM OPINION

DiCARLO, *Chief Judge:* Plaintiff, the United States, brings this action under 28 U.S.C. § 1582(2) (1988) to collect unpaid supplemental duties and interest from defendant, The Hanover Insurance Company, as surety of two entry bonds. Defendant moves to dismiss arguing this action is barred by the six-year statute of limitation under 28 U.S.C. § 2415(a) (1988). At issue is when plaintiff's right of action accrued triggering the statute of limitation. The court holds that plaintiff's right of action accrued when the bonds were breached by the principal. Since this action was filed more than six years after the bonds were breached, it is time-barred.

## BACKGROUND

On February 19, 1976 and March 10, 1977, Gambles Import Corporation, as principal, and defendant, as surety, executed two General Term

Bonds for Entry of Merchandise, Customs Form 7595. The two bonds contain identical terms, each in the amount of $300,000 and covering entries for a one-year period. This action involves twenty-two entries covered by these bonds. Customs liquidated seventeen of the twenty-two entries on August 29, 1986 and the remaining five entries on September 12, 1986. The bills for supplemental duties were sent to the principal on the respective dates of liquidation. The principal never paid the duties. Customs made demands for payment upon defendant as surety in January 1988 and September 1988. On November 10, 1992, plaintiff filed this action.

## DISCUSSION

The parties agree that the applicable statute of limitation is six years under 28 U.S.C. § 2415(a), which provides, *inter alia:*

> [E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later * * * .

Defendant moves to dismiss contending that plaintiff's right of action to collect supplemental duties accrued when the principal breached the bond, which occurred when it failed to pay the duties 15 days after the date of liquidation in accordance with 19 U.S.C. § 1505(c). The statute provides:

> Duties determined to be due upon liquidation or reliquidation shall be due 15 days after the date of that liquidation or reliquidation, and unless payment of the duties is received by the appropriate customs officer within 30 days after that date, shall be considered delinquent and bear interest from the 15th day after the date of liquidation or reliquidation at a rate determined by the Secretary of the Treasury.

19 U.S.C. § 1505(c) (1988) (emphasis added).

The Court of Appeals for the Federal Circuit recently held: "The law is well settled that, as a general rule, a claim does not accrue until all events necessary to fix the liability of a defendant have occurred. With respect to a claim arising from a bond, it is equally well settled that the date of accrual occurs at the time of the breach of the bond." *United States v. Cocoa Berkau, Inc.,* 11 Fed. Cir. (T) ____, ____, 990 F.2d 610, 613 (1993) (citations omitted). In *Cocoa Berkau,* the court held the government's action to collect liquidated damages from the surety is time barred, because it was filed more than six years after the principal breached its bond. "Absent an agreement between the parties, the surety incurs derivative liability when the principal breaches the bond * * * . The demand made by Customs upon the surety was merely a pro-

cedural step for obtaining the damages and did not itself create liability." *Id.* at 614.

In this case, there is no agreement between the parties that the surety's obligation to pay under the bonds should arise at a different time from that of the principal's. The bonds merely provide that the principal and the surety are "jointly and severally" liable and that the "principal shall pay to the district director of customs, when demanded, all duties, taxes, and charges found legally due and unpaid" on entries covered by the bonds. *See* General Term Bond for Entry of Merchandise, para. 8. Unless the parties have agreed otherwise, the surety incurs derivative liability when the principal breaches the bond. *Cocoa Berkau,* at 614. The principal in this case breached the bonds when it failed to pay the supplemental duties 15 days after the date of liquidation. *See* 19 U.S.C. § 1505(c). Since the entries were liquidated on August 29, 1986 and September 12, 1986 respectively, plaintiff's right of action to collect these duties accrued on or about September 13 and 27 of 1986.

Plaintiff argues that, regardless of when the bonds were breached by the principal, the statutory scheme contemplates a different triggering event for the accrual of its right of action against defendant. Plaintiff relies on 19 U.S.C. § 1514(c)(2) (1988), which provides that "[a] protest by a surety which has an unsatisfied legal claim under its bond may be filed within 90 days from the date of mailing of notice of demand for payment against its bond." According to plaintiff, since § 1514(c) grants a surety the right to protest after receiving a notice of demand, a demand for payment is an event "necessary to fix the liability" of the surety. Consequently, plaintiff argues, plaintiff's right of action did not accrue until defendant failed to pay after receiving the notice of demand.

While a notice of demand gives rise to the right of a surety to protest Customs' decisions under § 1514(c), the surety's right to protest is not to be confused with the government's right of action against the surety. Section 1514 does not provide that a demand is required before the government may bring an action against the surety. Nor does plaintiff claim that legislative history indicates Congress intended such a requirement by § 1514. "Without agreement of the parties or statutory obligations delaying the institution of suit, the general rule for accrual of a right of action still applies." *United States v. Commodities Export Co.,* 10 Fed. Cir. (T) ____, ____, 972 F.2d 1266, 1271 (1992), *cert. denied,* 113 S. Ct. 1256 (1993).

In support of its position that a demand upon surety is mandated by § 1514, plaintiff relies on cases where government's action against a surety was held to be premature when the surety's protest filed under § 1514 was still pending before Customs. *See United States v. Bavarian Motors, Inc.,* 4 CIT 83, 86 (1982); *United States v. Desiree Int'l., U.S.A., Ltd.,* 497 F. Supp. 264, 269 (S.D.N.Y. 1980). For the purpose of statute of limitations, the question raised by these decisions is whether the protest proceedings provided by 19 U.S.C. §§ 1514, 1515 (1988) are mandatory

administrative proceedings that toll the statute of limitation on government's action under 28 U.S.C. § 1582.

The answer to this question is negative according to the court's recent decision in *United States v. Ataka America, Inc.*, 17 CIT 598, 826 F. Supp. 495 (1993). In Ataka, where the government brought action against the surety to collect customs duties more than six years after the principal breached the bond, the court held that the statute of limitation on government's action was not tolled by the protest filed by the principal under 19 U.S.C. § 1514. "As to the surety, the government must sue within six years (following the fifteenth day after liquidation) regardless of whether an importer's or surety's protest deprives the assessment of duties of its final effect." *Ataka,* at 20. The court reasoned that "the right to collect immediately on liquidation carries with it the responsibility to act within six years of liquidation to collect on the contract obligation of the surety. Accordingly, since the effective date of 19 U.S.C § 1505(c), completion of protest proceedings has not been a requirement for suit to collect." *Id.* (citing *Bavarian Motors* for comparison and indicating that the case was decided before the effective date of 19 U.S.C. § 1505(c)).

Thus, while the protest proceedings under §§ 1514, 1515 are prerequisite to a surety's suit against the government, *see* 28 U.S.C. § 1581(a) (1988) (this court has exclusive jurisdiction of any civil action contesting the denial of a protest), such proceedings "are not mandatory for the purpose of government action under 28 U.S.C. § 1582." *Ataka,* at 17. Consequently, these proceedings do not toll the statute of limitation on government's action under § 1582.

This conclusion is consistent with the principle that the court "cannot 'permit a single party to postpone unilaterally and indefinitely the running of the statute of limitations.'" *Cocoa Berkau,* at 614 (quoting *Commodities Exort,* 972 F.2d at 1271). Plaintiff's position that § 1514 requires a notice of demand on surety before the government may commence a lawsuit would, in effect, permit Customs to do so. To accept plaintiff's position "would subvert the purpose of the statute of limitations, which is intended to ensure that actions are brought in a timely fashion, before they become stale." *Id.*

For the reasons stated above, the court finds that a demand on surety for payment under § 1514 is not an event "necessary to fix the liability" of the surety. Accordingly, plaintiff's argument that § 1514 mandates a separate triggering event for the accrual of government's right of action against surety must be rejected.

Plaintiff further suggests that the *Cocoa Berkau* principle concerning when the right of action accrues against surety may not be applicable to this case. According to plaintiff, *Cocoa Berkau* involves collection of liquidated damages where the principal's and surety's obligations to pay both arise from contract and are subject to the same period of limitation; in contrast, this case concerns collection of customs duties in which the principal's obligation to pay arises under the tariff schedule and the surety's from contract. Consequently, plaintiff argues, the right of ac-

tion against the surety accrues separately from that against the principal in this case.

The court decision in *Ataka,* a case on collection of duties, has made it clear that the same principle upheld in *Cocoa Berkau* applies in the case of collection of duties. *See Ataka,* at 12 ("The surety's obligation arises at the time of the principal's breach, unless the parties agree otherwise."). Plaintiff's argument does not explain why the application of different periods of limitation should render the basic principle of *Cocoa Berkau* inapplicable. Nor has plaintiff offered any authority in support of its position.

### CONCLUSION

The court holds that plaintiff's right of action against defendant accrued in September 1986 when the principal breached the bonds by failing to pay the supplemental duties in accordance with 19 U.S.C. § 1505(c). Since this action was filed on November 10, 1992, more than six years after plaintiff's right of action accrued in September 1986, it is time barred under 28 U.S.C. § 2415(a).